578 A.2d 1212

**STATE of Maryland**

v.

**Hazel THORNTON.**

**Misc. No. 51, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Sept. 7, 1990.

Stuart O. Simms, State's Atty. for Baltimore City, with whom was Salvatore Fili, Asst. State's Atty., Baltimore City, for applicant.

No response filed, for appellee.

Submitted before MOYLAN, WILNER and ROBERT M. BELL, JJ.

WILNER, Justice.

The State has filed an application for leave to appeal an order of the Circuit Court for Baltimore City reducing the amount and conditions of bail for a defendant awaiting trial on criminal charges. We shall deny the application on the ground that no appeal by the State will lie from such an order.

The underlying facts are straightforward. Hazel Thornton was charged by indictment with various offenses under the controlled dangerous substance laws. On April 16, 1990, she appeared before Judge Angeletti for a bail review hearing. Judge Angeletti set bail at $500,000 and required that it be posted in cash. Thornton thereupon filed a petition for habeas corpus seeking relief from that bail. On June 12, 1990, Judge Ross issued the writ, ordering that Thornton be released upon posting bail of $250,000 "corporate bond only." Judge Ross found that the $500,000 cash bail ordered by Judge Angeletti "in light of all of the facts in this case, [was] tantamount to denial of bail and is therefore excessive." The application for leave to appeal is from the writ of habeas corpus issued by Judge Ross.

In *Gluckstern v. Sutton*, 319 Md. 634, 652, 574 A.2d 898 (1990), the Court confirmed that Md.Ann.Code Cts. & Jud. Proc. art., § 12–301, authorizing appeals from final judgments does not apply to habeas corpus cases and that "[a]n appeal may be taken from a final order in a habeas corpus case only where specifically authorized by statute." The Court identified four statutes that permit appeals or applications for leave to appeal in habeas corpus cases—Cts. & Jud.Proc. art., § 3–707, applicable to the "denial of relief in habeas corpus cases regarding the right to bail or allegedly excessive bail," *id.* at 652, 574 A.2d 898; art. 41, § 2–210 applicable to the denial of habeas corpus relief in extradition cases; Cts. & Jud.Proc. art., § 3–706, applicable where a writ is issued on the ground that the law under which the petitioner is held is unconstitutional; and art. 27, § 645A(e), which is part of the Post Conviction Procedure Act.

**314**

Of these four statutes, it is clear beyond cavil that Cts. & Jud.Proc. art., § 3–707 is applicable and that § 3–706 and art. 41, § 2–210 are not. This case involves the setting of bail; it does not involve extradition and no statute has been held unconstitutional.

Section 3–707 is part of the subtitle dealing with habeas corpus. Section 3–702(a) provides that

"A person committed, detained, confined, or restrained from his lawful liberty within the State for any alleged offense or under any color or pretense or any person in his behalf, may petition for the writ of habeas corpus to the end that the cause of the commitment, detainer, confinement, or restraint may be inquired into."

This person, who files such a petition, is thereafter referred to in the statute as the "petitioner." See §§ 3–702(b)(1) and 3–703(a).

Section 3–706 then provides, in relevant part:

"(a) In general.—If a judge refuses to issue a writ of habeas corpus sought for the purpose of determining the right to bail, or if a judge sets bail claimed to be excessive prior to trial or after conviction, but prior to final judgment, *a petitioner* may apply to the Court of Special Appeals for leave to appeal from the refusal.

(b) Application to be filed within ten days.—(1) *A petitioner* shall file the application for leave to appeal within ten days after the denial or grant of habeas corpus relief stating briefly why the order of the lower court should be reversed or modified.

(2) The record on the application for leave to appeal shall contain a copy of the petition for habeas corpus, *the State's answer,* if any, the order of the court, and the memorandum of reasons issued by the judge.

(3) If the court grants the application, it may order the preparation of a transcript of any proceedings related to the habeas corpus petition."

(Emphasis added.)

It is evident from this statute that the only person authorized to file an application for leave to appeal is the

"petitioner," i.e., the defendant seeking relief from an order denying bail or setting excessive bail. The State is identified in the statute only as a respondent to the petition. Although the statute seems to permit a petitioner to file an application for leave to appeal even from an order reducing the amount of bail, presumably on the ground that the reduced amount remains excessive, there is no authority stated for the State to seek appellate review of such an order.

The question then is whether any authority for the State to seek such review is provided under art. 27, § 645A(e). Section 645A(a) permits any person "convicted of a crime and either incarcerated under sentence of death or imprisonment or on parole or probation" who seeks to attack the validity of the sentence or judgment on certain grounds to file a proceeding under § 645A.

As the *Gluckstern* Court noted, 319 Md. at 658, 574 A.2d 898, the purpose of § 645A "was to create a simple statutory procedure, in place of the common law habeas corpus and coram nobis remedies, for collateral attacks upon criminal convictions and sentences." It was not designed, and does not operate, to challenge pre-trial bail orders. Subsection (e) indeed makes clear that the statutory remedy "is not a substitute for, nor does it affect any remedies which are incident to proceedings in the trial court...."

> Subsection (e) goes on to provide, in relevant part, that "No appeals to the Court of Appeals or the Court of Special Appeals in habeas corpus or coram nobis cases, or from other common-law or statutory remedies which have heretofore been available for challenging the validity of incarceration under sentence of death or imprisonment shall be permitted or entertained.... Provided, however, that nothing in this subtitle shall operate to bar an appeal to the Court of Special Appeals (1) in a habeas corpus proceeding instituted under § 2–210 of Article 41 of this Code or (2) in any other proceeding in which a writ of habeas corpus is sought for any purpose other than to challenge the legality of a conviction of a crime or sen-

tence of death or imprisonment therefor, including confinement as a result of a proceeding under Article 31B of this Code."

Arguably, the broad language in clause (2) of this provision is applicable here, but even if it is, it does no more than to make clear that nothing in that subtitle—the Post Conviction Procedures Act—would bar an appeal. It does not, of itself, authorize appellate review of a habeas corpus order, especially where appellate review of such an order is dealt with specifically in another statute.

We therefore conclude that no statutory authority exists for the seeking of appellate review by the State from a writ of habeas corpus issued pursuant to Cts. & Jud.Proc. art., § 3–707.

APPLICATION DENIED.