702 A.2d 723

**STATE of Maryland**

v.

**James E. HARRELL.**

**No. 123, Sept. Term, 1996.**

Court of Appeals of Maryland.

Nov. 18, 1997.

Rachel Marblestone Kamins, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for Petitioner.

Arthur A. DeLano, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER and WILNER, JJ., and ROBERT L. KARWACKI, Judge (retired), Specially Assigned.

CHASANOW, Judge.

In the instant case, we are called upon to determine whether the Court of Special Appeals erred in concluding that the trial court improperly admitted hearsay evidence under the excited utterance exception to the hearsay rule, Maryland Rule 5–803(b)(2). For the following reasons, we affirm the judgment of the Court of Special Appeals reversing the trial court's conviction of James E. Harrell under Maryland Code (1957, 1992 Repl.Vol.) Article 27, § 342 (theft over $300) and remanding the case to the Circuit Court for Baltimore County for a new trial.

I.

On August 18, 1995, Officer Stephen Comenga of the Baltimore County Police Department responded to a disturbance call at 1412 Strawflower Road in Baltimore County, Maryland. When Officer Comenga arrived, he observed Harrell "kicking a lady that was laying on the ground. He was kicking her about the face and head with his legs and feet." Upon noticing Officer Comenga, Harrell fled the scene, but was quickly apprehended. Less than two minutes after he observed Harrell's actions, Officer Comenga interviewed the victim, Tammy Hammons. At trial, Officer Comenga testified that he observed minor cuts and bruises over Hammons's

arms and legs and that her blouse was torn. Officer Comenga also testified that the victim was "crying and appeared very emotional and upset." When the prosecutor asked Officer Comenga to explain what Hammons had said regarding the incident between her and Harrell, Harrell's counsel objected, and the following exchange occurred:

"THE COURT: Sustained, if it's offered for the truth of the out-of-court declaration.

MR. BOSTWICK: Your Honor, I would offer it as an excited utterance, which is an exception to the hearsay rule.

THE COURT: Okay. [Officer Comenga] has indicated [Hammons] was emotional, crying and upset. All right. I will allow it.

MR. BOSTWICK: Thank you.

BY MR. BOSTWICK:

Q What did she say? What did Hammons indicate?

A Hammons indicated that earlier in the evening the Defendant came over to pick her up in a vehicle, and after they had been out for a period of time the Defendant related to her—

MS. ROBINSON: Objection. I think this goes beyond excited utterance.

I can see the excited utterance with respect to what happened to her, in terms of physical appearance, but I think the State is trying to get in some hearsay testimony with respect to Harrell's possible involvement in the car theft, and I think that goes beyond the meaning of the excited utterance rule . . ., and he is offering it for the truth of the matter, and I object to that testimony from the police officer for those reasons.

THE COURT: Try to confine your answer to whatever the witness said in an excited fashion at the time of the statement, if you could."

Officer Comenga then testified that Hammons told him that Harrell "beat me up and he stole that car there," as Hammons pointed to a Chevrolet Monte Carlo. In response to Ham-

mons's statement that Harrell stole the Monte Carlo, Officer Comenga checked the vehicle's tag, as well as its VIN number. Officer Comenga confirmed that the 1984 Chevrolet Monte Carlo was in fact stolen from Carolyn Brown on July 26, 1995. Harrell was then arrested and charged with common-law battery and theft over $300 (Art. 27, § 342).

On his behalf, Harrell testified that on the evening in question he and Hammons went to a bar in Highlandtown where he consumed a large amount of alcohol. According to Harrell, he had borrowed the car he was driving, also a 1984 Chevrolet Monte Carlo, from his employer. Upon arriving at Harrell's home, Hammons asked Harrell to take her to her brother's house, but Harrell refused. Harrell testified that Hammons "started raising havoc," scratching his neck and stomping on his sore foot. Harrell further testified that he grabbed Hammons in order to maintain his balance and, as a result, tore her blouse. Harrell denied kicking Hammons or throwing her to the ground.

On November 14, 1995, Harrell was convicted by the trial judge of common-law battery, as well as theft over $300. The trial judge stated:

"I will grant you the only link to these offenses, that is a definite link, is the excited utterance testimony of the girlfriend.

\* \* \*

But at the time of these events, according to the testimony of the officer, she was excited. She was upset. She implicated him in the battery, and she was obviously hurt and had part of her clothing torn away, and she implicated him in the theft of the car, and she said that she was told by him that he had stolen the car three weeks before.

Well, there is no way she could know that unless he told her that, and in fact, the car was stolen about three weeks before."

On December 14, 1995, Harrell appealed his conviction to the Court of Special Appeals. The intermediate appellate

court reversed Harrell's conviction in an unreported opinion on August 12, 1996. The intermediate appellate court subsequently granted the State's motion for reconsideration, however, and withdrew its August 12th opinion. In an unreported opinion filed on October 7, 1996, the Court of Special Appeals affirmed the trial court's judgment regarding the battery charge, but reversed the judgment as to the theft over $300 and remanded the case for a new trial. This Court granted the State's petition for writ of certiorari on February 14, 1997 to determine whether the Court of Special Appeals erred in concluding that the trial court improperly considered hearsay evidence under Md. Rule 5–803(b)(2), the excited utterance exception to the hearsay rule.

## II.

The State contends that the Court of Special Appeals erred in its conclusion that the portion of Hammons's statement referring to Harrell's theft of the automobile was not "sufficiently related to the startling event prompting her spontaneous utterance" and thus did not fall within the excited utterance exception to the hearsay rule, Md. Rule 5–803(b)(2). Specifically, the State argues that the intermediate appellate court applied an "unduly restrictive interpretation of the term 'relating' in Md. Rule 5–803(b)(2)." We disagree.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Md. Rule 5–801(c). As a general rule, hearsay is not admissible at trial. Md. Rule 5–802; *see also Mouzone v. State,* 294 Md. 692, 696, 452 A.2d 661, 663 (1982)(noting that hearsay is not admissible at trial "because of inherent untrustworthiness"), *overruled on other grounds by Nance v. State,* 331 Md. 549, 569, 629 A.2d 633, 643 (1993). A hearsay statement may be admissible, however, under an exception to the hearsay rule because circumstances provide the "requisite indicia of trustworthiness concerning the truthfulness of the statement." *Ali v. State,* 314 Md. 295, 304–05, 550 A.2d 925, 929 (1988). Under the

Maryland Rules, an excited utterance is such an exception. See Md. Rule 5–803(b)(2), which provides that an excited utterance is a "statement *relating* to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." (Emphasis added). The rationale behind the excited utterance exception is that the startling event suspends the declarant's process of reflective thought, thus reducing the likelihood of fabrication. *See Mouzone*, 294 Md. at 697, 452 A.2d at 664; *see also United States v. Knife*, 592 F.2d 472, 481 n. 10 (8th Cir.1979) ("The hallmark of the exception is the requirement that there be an event so startling as to suspend the declarant's powers of reflection and, presumably, his powers of fabrication as well.").

In determining whether a statement falls within the excited utterance exception, we examine the totality of the circumstances. *Cf. Mouzone*, 294 Md. at 698, 452 A.2d at 664. "A statement may be admitted under this exception if 'the declaration was made at such a time and under such circumstances that the exciting influence of the occurrence clearly produced a spontaneous and instinctive reaction on the part of the declarant ... [who is] still emotionally engulfed by the situation....' *Deloso v. State*, 37 Md.App. 101, 106, 376 A.2d 873, 876 (1977) (citations omitted)." *Harmony v. State*, 88 Md.App. 306, 319, 594 A.2d 1182, 1188 (1991). In determining whether a declarant was under the stress of a startling event while making a statement, one primary consideration is the time between the startling event and the declarant's statement. Time, however, is not alone determinative. *See Mouzone*, 294 Md. at 698, 452 A.2d at 664. Thus, the fact that the statement at issue occurred so close in time to the startling event is not dispositive. In addition, that the statement was made in response to an inquiry, as in the instant case, is not controlling. *See Mouzone*, 294 Md. at 699, 452 A.2d at 665. It, however, may be some indication of reflective thought which makes it less likely that the statement falls within the excited utterance exception. *See id.*

**78**

■ Prior to the adoption of Title 5 of the Maryland Rules,[1] we noted that the excited utterance exception "requires a startling event and a spontaneous statement which is the result of the declarant's reaction to the occurrence." *Mouzone*, 294 Md. at 697, 452 A.2d at 664. In the instant case, it is clear that Harrell's battery of Hammons qualifies as a startling event. Immediately after the incident, Hammons was described by both Officer Comenga and Harrell as being "in hysterics, crying," and she "appeared very emotional and upset." In addition, less than two minutes had passed from the time Officer Comenga witnessed the battery to the time the officer interviewed the victim. Thus, at the time Hammons told Officer Comenga that Harrell "stole that car there," it appears that Hammons was excited and " 'still emotionally engulfed by the situation.' " *Harmony*, 88 Md.App. at 319, 594 A.2d at 1188 and cases cited therein. The primary issue in the instant case, however, is whether there is an additional requirement that the declarant's statement relate to the startling event or condition in order for the excited utterance exception to apply and, if so, what effect that requirement has. We must determine to what extent a declarant's statement must relate to the circumstances giving rise to the statement.

### A.

In a case decided prior to the adoption of Title 5 of the Maryland Rules, the Court of Special Appeals addressed the possibility that a declarant's statement must relate to the startling event generating the statement. *Bayne v. State*, 98 Md.App. 149, 632 A.2d 476 (1993). Regarding such a requirement, the intermediate appellate court noted:

> " 'If, for example, after an assault, the injured person exclaims that in the previous week the attacking party had tried to shoot him, there is perhaps no less reason for trusting that part of his utterance than any other part.

---

1. Title 5 of the Maryland Rules became effective on July 1, 1994.

Nevertheless, it is possible to argue that such utterances imply to some extent a process of reflection . . . .' "

98 Md.App. at 165, 632 A.2d at 483 (quoting 6 WIGMORE, EVIDENCE § 1750(c), at 222 (Chadbourn rev.1976)). The intermediate appellate court ultimately held that

"an otherwise qualified excited utterance that includes comments about a prior happening may be admissible under the excited utterance/spontaneous declaration exception to the hearsay evidence rule if the subsequent startling event that generates the utterance relates directly or indirectly to that prior event, *i.e.*, is likely to produce an exclamation about the prior event."

*Bayne*, 98 Md.App. at 177, 632 A.2d at 489. Because the court found a relationship between the subsequent and prior events at issue in *Bayne*, however, the intermediate appellate court did not reach the issue of whether such a relationship was required under the excited utterance exception. *Id.*

Courts have differed over whether the relationship between the declarant's statement and the startling event is a requirement, or merely a factor bearing on the spontaneity of the declarant's statement. *See Bayne*, 98 Md.App. at 164, 632 A.2d at 483. *Compare People v. Burton*, 433 Mich. 268, 445 N.W.2d 133, 138 (1989) (noting a third requirement that the statement " 'must relate to the circumstances of the startling occasion' " in order for the excited utterance exception to apply) (quoting *People v. Gee*, 406 Mich. 279, 278 N.W.2d 304, 305 (1979)) *and State v. Terry*, 10 Wash.App. 874, 520 P.2d 1397, 1401 (1974)(noting that the statement must relate to the "main event," or the subject of the lawsuit) *with Murphy Auto Parts Co. v. Ball*, 249 F.2d 508, 511 (D.C.Cir.1957) (noting that " 'the relationship of the statement to the starling [event]' " is a factor to be considered in determining the spontaneity of the statement), *cert. denied*, 355 U.S. 932, 78 S.Ct. 413, 2 L.Ed.2d 415 (1958).

In construing a rule, we apply principles of interpretation similar to those used to construe a statute. *See In re Victor B.*, 336 Md. 85, 94, 646 A.2d 1012, 1016 (1994). First,

we must examine the "words of the rule, giving them their ordinary and natural meaning." *Id.* Where the language of the rule is clear and unambiguous, our analysis ends. *Id.* The ultimate goal of this Court is "to give the rule a reasonable interpretation in tune with logic and common sense." *Id.*

As noted earlier, Md. Rule 803(b)(2) defines an excited utterance as a "statement *relating* to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." (Emphasis added). In the instant case, the Court of Special Appeals concluded that, in order to be admissible, Md. Rule 803(b)(2) requires an excited utterance to "relate to the startling event or condition giving rise to the utterance." We agree. It is clear from the plain language of Md. Rule 5–803(b)(2) that there must be some relationship between the declarant's statement and the startling event generating the statement. Any other interpretation would render the rule's language "relating to a startling event or condition" meaningless. We will not interpret Md. Rule 5–803(b)(2) in such a manner. *See Atkinson v. State,* 331 Md. 199, 215, 627 A.2d 1019, 1027 (1993) (noting that this Court will not interpret a rule or statute to render any word superfluous or meaningless).

### B.

Because Md. Rule 5–803(b)(2) requires a relationship between the declarant's statement and the startling event, we must determine the extent of this relationship. The State contends that only the slightest relationship between the subject matter of the statement and the startling event is required. *See People v. Ojeda,* 745 P.2d 274, 276 (Colo.Ct. App.1987). In support of its position, the State notes that the term "relating" in the federal counterpart[2] to Md. Rule 803(b)(2) has been interpreted broadly. In comparing the excited utterance exception with the present sense impression exception, the Advisory Committee explained:

---

2. Md. Rule 803(b) is derived from FED. R. EVID. 803.

"Permissible subject matter of the statement is limited under [the present sense impression exception] to description or explanation of the event or condition, the assumption being that spontaneity, in the absence of a startling event, may extend no farther. In [the excited utterance exception], however, the statement need only 'relate' to the startling event or condition, thus affording a broader scope of subject matter coverage."

FED. R. EVID. 803, Notes of Advisory Committee on Rules. In addition, the State cites several cases in which the State asserts the courts have interpreted "relating" liberally. An examination of the facts of these cases, however, indicates that a clear relationship existed between the declarant's statements at issue and the startling events generating such statements. *See, e.g., State v. Zukevich,* 84 Hawai'i 203, 932 P.2d 340, 345 (App.1997) (statement made by murder victim indicating that he did not have a gun related to the startling event of impending shooting); *State v. Kinross,* 906 P.2d 320, 324 (Utah Ct.App.1995) (statement made by child victim of sexual abuse that her father hurt her directly referred to her injury and thus related to the startling event: the sexual abuse). In the instant case, however, any relationship between Hammons's statement that Harrell "stole that car there" and the battery is at best tenuous. *See infra* Part II.C. Thus, the cases which the State cites in support of its position that "relating" is interpreted broadly are easily distinguishable.

 "Relate" is defined as "[t]o stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." BLACK'S LAW DICTIONARY 1288 (6th ed.1990). We believe that the use of the word "relating" in Md. Rule 5–803(b)(2) must impose some limitations on the subject matter of an admissible excited utterance. As we see it, the purpose of the relationship requirement in Md. Rule 5–803(b)(2) is to assure that factors like the declarant's self-interest, anger or vindictiveness have not motivated the declarant to make the statement. Because the key to the excited utterance exception is its inherent trustworthiness, the declarant's statement must have some connection with the

startling event in order to relate to the startling event within the meaning of Md. Rule 5–803(b)(2). Otherwise, the likelihood that a declarant's statement was a product of reflective thought, and the concomitant likelihood of fabrication, increases. Thus, we conclude that the declarant's statement must pertain to, be associated with, or concern the startling event which prompted the statement. That is, the declarant's statement must be more than just the result of, or caused by, the startling event.

## C.

We now turn to whether, in the instant case, Hammons's statement relates to a startling event or condition within the meaning of Md. Rule 5–803(b)(2). The State contends that it is "unreasonable to parse the statement, as did the Court of Special Appeals, into two separate components— one of which related to the victim's agitated condition and one of which did not." Furthermore, the State argues that Hammons's reference to Harrell's theft of the automobile in which Hammons was a passenger shortly before was "inextricably intertwined with the assault upon her." We disagree. The two portions of Hammons's statement are unrelated and severable.

It is clear that Hammons's statement that Harrell "beat [her] up" is related to the battery, the startling event which generated that part of her statement. In our view, however, the other part of Hammons's statement that Harrell "stole that car there" has absolutely nothing to do with Harrell's battery of her. The statement clearly does *not* pertain to or concern, and has no association with, the battery. The fact that Hammons may have been riding in a stolen car immediately prior to the battery is too tenuous a connection to establish a relationship between her statement and the startling event. Moreover, the additional fact that Hammons was lying on the ground near the car during the battery also does not create a sufficient relationship between Hammons's statement and the battery. Without a relationship to the startling event, Hammons's statement "impl[ies] to some extent a pro-

cess of [conscious] reflection," as opposed to a spontaneous reaction by the declarant. *See Bayne,* 98 Md.App. at 165, 632 A.2d at 483 (quoting 6 WIGMORE, EVIDENCE § 1750(c), at 222 (Chadbourn rev.1976)). Furthermore, Hammons's statement regarding the theft of the automobile made to a police officer was likely to have been driven by her anger over the battery and her self-interest in seeing that Harrell was punished for both the battery and the theft of the automobile, thus increasing the likelihood of fabrication. As the Supreme Court of Michigan noted: " 'To admit hearsay testimony simply because it was uttered at the time something else was going on is to introduce an arbitrary and unreasoned test and to remove all limits of principle....' " *Burton,* 445 N.W.2d at 147 (quoting 6 WIGMORE, EVIDENCE § 1757(1), at 238(Chadbourn rev.1976)). Thus, we conclude that the portion of Hammons's statement that Harrell "stole that car there" does not relate to the battery and is not an excited utterance within the exception to the hearsay rule.

At the conclusion of the trial, the trial court noted Hammons's utterance was "the only link" to the theft and battery offenses. Since the statement that Harrell "stole that car there" led to Harrell's conviction on the theft over $300 charge, we are unable to conclude that the trial court's error was harmless beyond a reasonable doubt. *See Dorsey v. State,* 276 Md. 638, 659, 350 A.2d 665, 678 (1976). Therefore, we affirm the Court of Special Appeals' judgment reversing Harrell's conviction for theft over $300 and remanding the case to the Circuit Court for Baltimore County for a new trial.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY BALTIMORE COUNTY.*