798 A.2d 557

NINA & NAREG, INC., dba D & D Auto Body

v.

Abdollah MOVAHED, et al.

No. 101, Sept. Term, 2001.

Court of Appeals of Maryland.

May 9, 2002.

Robert L. Flynn, III (Gregory E. Flynn of Robert L. Flynn, III, PC, on brief), Rockville, for petitioner.

Andrew R. Polott (Miller J. Poppleton, Jr., of Poppleton, Garrett & Polott, P.C., on brief), Rockville, for respondents.

Argued Before BELL, C.J., and ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

CATHELL, J.

On November 1, 2000, the District Court of Maryland sitting in Montgomery County entered a judgment in favor of Abdollah Movahed and the Estate of Nourollah Toulabi, respondents, and against Nina & Nareg, Inc. doing business as D & D Auto Body, petitioner. On November 8, 2000, petitioner filed an appeal to the Circuit Court for Montgomery County. On November 29, 2000, respondents filed a Motion to Amend in the District Court and on November 30, 2000, respondents filed a cross-appeal to the Circuit Court. Petitioner filed a Motion to Strike the Motion to Amend filed by respondents in the District Court. On January 17, 2001, the District Court denied petitioner's Motion to Strike and increased the judgment for respondents based on the Motion to Amend. On January 26, 2001, petitioner filed an appeal to the Circuit Court for Montgomery County from the January 17, 2001 judgment and the denial of its Motion to Strike by the District Court. On February 9, 2001, respondents also filed an appeal to the Circuit Court for Montgomery County from the January 17, 2001 judgment of the District Court. At this point, there were two appeals before the Circuit Court filed by petitioner and two appeals filed by respondents, one each relating to the November 1, 2000 judgment and one each as to the subsequent January 17, 2001 order amending the November 1, 2000 judgment. Thereafter, the Circuit Court did not address petitioner's appeal or respondents' cross-appeal from the November 1, 2000 judgment of the District Court, but affirmed in part and modified in part the later January 17, 2001 judgment of the District Court.

Petitioner filed a Petition for Writ of Certiorari to this Court, which we granted. *Nina & Nareg v. Movahed,* 367

Md. 86, 785 A.2d 1290 (2001). Petitioner has presented one question for our review:

"I. Whether the lower courts erred in considering [respondents'] Motion to Amend from the District Court when appellate jurisdiction had attached?"

We hold that the District Court erred in considering respondents' Motion to Amend once appellate jurisdiction had attached in the Circuit Court. Therefore, we reverse and remand the case to the Circuit Court for consideration of the appeals from the November 1, 2000 judgment entered by the District Court.

## I. Facts

In July of 1997, petitioner repaired a 1992 Mercedes Benz for Champion Motors, Inc., a used car dealership. Respondents were two of the three owners of Champion.[1] After the Mercedes was left with petitioner for repairs, Champion's owners became involved in the dissolution of Champion. Petitioner alleges that it completed the repairs on the Mercedes and that it tried to contact respondents to inform them that the repairs had been completed and that the Mercedes needed to be picked up. After not receiving payment and the Mercedes not being picked up, petitioner alleges that it eventually attempted to notify Champion of its intention to seek a mechanic's lien.

In May of 1998, petitioner contracted with Nationwide Lien and Recovery to have the Mercedes sold pursuant to the possessory lien. The Mercedes was eventually sold at auction for $9,100.00.

On February 7, 2000, suit was filed by respondents against petitioner in the District Court of Maryland sitting in Montgomery County.[2] Respondents sought damages of $20,142.47

---

1. Nourollah Toulabi eventually passed away and his estate became involved in this litigation.

2. Suit was originally filed by Dennis W. King, Esq. Respondents were eventually substituted as the plaintiffs in that suit.

($16,000.00 plus $4,142.47 of interest) for the alleged wrongful sale of the Mercedes. At trial before the District Court on November 1, 2000, respondents claimed that they had not received the proper statutory notice for the sale to be conducted pursuant to a mechanic's lien; therefore, the sale of the Mercedes was an improper conversion. Petitioner claimed that notice had been sent to respondents and that even if respondents had not received the proper statutory notice, respondents had actual notice that petitioner possessed the vehicle and had a lien on the vehicle. The District Court found that although respondents had notice that petitioner had possession of the Mercedes, the proper statutory notice was not given to respondents prior to the sale pursuant to the mechanic's lien. The District Court also determined that a conversion had not occurred. On November 1, 2000, the District Court entered a judgment against petitioner for $5,130.00.[3]

On November 8, 2000, petitioner filed an appeal to the Circuit Court for Montgomery County. On November 29, 2000, respondents filed a Motion to Amend in the District Court. The following day, respondents filed a cross-appeal of the November 1, 2000 District Court judgment. On December 13, 2000, petitioner filed a Motion to Strike the Motion to Amend. On January 17, 2001, the District Court denied petitioner's Motion to Strike and held a hearing on the Motion to Amend. At the end of the hearing, the District Court amended its November 1, 2000 judgment and found that a conversion had occurred, that respondents did not have notice

---

**3.** As stated, *supra,* the Mercedes was sold at auction for $9,100.00. Petitioner had received $6,300.00 of the sale price consisting of $300.00 in repair charges and $6,000.00 of storage charges ($20.00 per day for 300 days). The District Court determined that $20.00 per day was an unreasonable daily storage fee and reduced the daily fee to $5.00. Petitioner was then entitled to $300.00 for the repairs and $1,500.00 for storage ($5.00 per day for 300 days) for a total of $1,800.00. Subtracting the $1,800.00 to which petitioner was entitled from the $6,300.00 that petitioner received, the District Court determined that respondents were entitled to receive $4,500.00 plus interest of $630.00 for a total judgment of $5,130.00.

of the pending sale of the vehicle, and that respondents were obligated to pay $20.00 per day for storage. The District Court also increased the amount of the judgment for respondents.

On January 26, 2001, petitioner filed a Notice of Appeal of the District Court's January 17, 2001 judgment to the Circuit Court for Montgomery County. On February 9, 2001, respondents also filed a Notice of Appeal of the District Court's January 17, 2001 judgment to the Circuit Court. The Circuit Court affirmed in part and modified in part the January 17, 2001 judgment of the District Court. Petitioner raised one procedural and two substantive issues before the Circuit Court. The procedural issue raised by petitioner was that the District Court should not have ruled on respondents' Motion to Amend because once petitioner filed its Notice of Appeal to the Circuit Court, prior to respondents filing their Motion to Amend, the District Court was divested of jurisdiction over the case. The Circuit Court held "that [petitioner's] appeal did not deprive the trial court of jurisdiction to dispose of the post-judgment motions." Therefore, it concluded that the District Court properly ruled on respondents' Motion to Amend.

The two substantive issues raised by petitioner in its appeal resulting from the January 17, 2001 judgment of the District Court were that the court erred in finding a conversion and that the District Court also erred in finding that petitioner had failed to comply with the statutory notice requirements. The Circuit Court did not find any merit to either of these issues.

On their cross-appeal from the January 17, 2001 order, respondents presented two issues. Respondents contended that in the damages awarded by the District Court, the court failed to properly calculate the fair market value of the Mercedes and that the damage amount was improperly offset by the storage and auction fees. The Circuit Court, deciding only the issues arising out of the appeals of the January 17, 2001 order, held that the fair market value determined by the

District Court for the Mercedes was not clearly erroneous and that the District Court had properly determined the storage fees and offset the damage award with the storage fees. The Circuit Court, however, held that the District Court erred in offsetting the damage award with the auction fees ($795.00). The Circuit Court stated that: "This Court finds it contradictory to determine that a wrongful conversion occurred, yet to offset the damages by an allowance of $795 for auction fees. If [petitioner] had no right to sell the car, certainly [respondents] should not have to bear the cost of a wrongful sale."

Petitioner filed a Petition for Writ of Certiorari to this Court, which we granted.

## II. Discussion

Petitioner contends that once it filed its first timely notice of appeal on November 8, 2000, jurisdiction over the case vested in the Circuit Court and the District Court did not have jurisdiction to rule on respondents' Motion to Amend that was filed pursuant to the court's revisory power under Maryland Rule 3–535. Respondent contends that the filing of a notice of appeal does not deprive the trial court of jurisdiction to rule on a timely filed revisory motion under Rule 3–535. We hold that under the circumstances here present, once petitioner filed a notice of appeal, jurisdiction was vested in the Circuit Court, acting as an appellate court. Therefore, the District Court did not have the authority to consider respondents' Motion to Amend.

### A. Standard of Review

In *Cooper v. Sacco*, 357 Md. 622, 629–30, 745 A.2d 1074, 1077 (2000), we examined the construction of the Maryland Rules when we stated:

"We begin this analysis by noting the general tenets of statutory construction, which apply to the drafting of the Maryland Rules as well. *See State v. Bell*, 351 Md. 709, 717, 720 A.2d 311, 315 (1998); *State v. Harrell*, 348 Md. 69, 79, 702 A.2d 723, 728 (1997); *In re Victor B.*, 336 Md. 85, 94, 646 A.2d 1012, 1016 (1994).

We have repeatedly stated that '[t]he cardinal rule of statutory construction is to ascertain and carry out the true intention of the legislature.' *Condon v. State,* 332 Md. 481, 491, 632 A.2d 753[, 757] (1993). To discern the legislative intent, we must consider the 'general purpose, aim, or policy behind the statute.' *Id.* While great weight is given to the plain meaning of the statute's language, *Tucker v. Fireman's Fund Ins. Co.,* 308 Md. 69, 73, 517 A.2d 730[, 731–32] (1986), we examine this language in the context in which it was adopted. *Motor Vehicle Admin. v. Mohler,* 318 Md. 219, 225, 567 A.2d 929[, 932] (1990). In this light, '[i]t is often necessary to look at the development of a statute to discern legislative intent that may not be as clear upon initial examination of the current language of the statute.' *Condon, supra,* 332 Md. at 492, 632 A.2d [at 758] (citing *Mohler, supra,* 318 Md. at 225–27, 567 A.2d 929).

*C.S. v. Prince George's County Dep't of Soc. Servs.,* 343 Md. 14, 24, 680 A.2d 470, 475 (1996) (some alterations in original). We have also said that statutes and rules 'relating to the same subject matter or sharing a common purpose should be read together.' *Farris v. State,* 351 Md. 24, 29, 716 A.2d 237, 240 (1998) (citing *Gargliano v. State,* 334 Md. 428, 436, 639 A.2d 675, 679 (1994)); *see also Gardner v. State,* 344 Md. 642, 649, 689 A.2d 610, 613 (1997)." [Alterations in original]

### B. Maryland Rules

■ A motion to amend in the District Court is filed pursuant to either Maryland Rule 3–534 or Maryland Rule 3–535.[4] These rules state, as applicable to this case:

---

4. A motion to amend filed in the Circuit Court would be controlled by Maryland Rules 2–534 and 2–535. The language in Rules 3–534 and 3–535 and Rules 2–534 and 2–535 are the same except Rules 2–534 and 2–535(a) state that they are only applicable to actions tried before the court, not a jury. Case law concerning the application of Rules 2–534 and 2–535 is applicable to Rules 3–534 and 3–535 and vice versa. Maryland Code (1973, 1998 Repl.Vol.), section 6–408 of the Courts and Judicial Proceedings Article is read in harmony with Rules 2–535 and 3–535. Section 6–408 states:

"**Rule 3–534.    Motion to alter or amend a judgment.**

On motion of any party filed within ten days after entry of judgment, the court may open the judgment to receive additional evidence, may amend its findings or its statement of reasons for the decision, may set forth additional findings or reasons, may enter new findings or new reasons, may amend the judgment, or may enter a new judgment. A motion to alter or amend a judgment may be joined with a motion for new trial.

"**Rule 3–535.    Revisory power.**

(a) **Generally.** On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and may take any action that it could have taken under Rule 3–534.

. . .

(d) **Clerical mistakes.** Clerical mistakes in judgments, orders, or other parts of the record may be corrected by the court at any time on its own initiative, or on motion of any party after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed by the appellate court, and thereafter with leave of the appellate court."

In the case at bar, a judgment was entered by the District Court on November 1, 2000. The Motion to Amend was filed by respondents on November 29, 2000; therefore, because the motion was not filed within ten days of the entry of judgment, the motion was filed pursuant to Rule 3–535. Rule 3–535(d) contains the only provision in the rule which permits the lower

---

" § **6–408.    Revisory power of court over judgment.**

For a period of 30 days after the entry of a judgment, or thereafter pursuant to motion filed within that period, the court has revisory power and control over the judgment. After the expiration of that period the court has revisory power and control over the judgment only in case of fraud, mistake, irregularity, or failure of an employee of the court or of the clerk's office to perform a duty required by statute or rule."

court to take action during the pendency of an appeal. Even then, however, the appellate court, if the appeal has been docketed in that court, must approve the correction. The record does not reflect that any such approval was sought in the case *sub judice*. In any event, as we shall explain, the amendment here did not concern a "clerical" mistake. What the District Court did here was not the correction of a clerical mistake; the District Court changed its interpretation of the law and its judgment.

The time for filing an appeal from a judgment of a District Court to a Circuit Court is controlled by Maryland Rule 7–104, which in relevant part states:

"**Rule 7–104.   Notice of appeal—Times for filing.**

(a) **Generally.** Except as otherwise provided in this Rule or by law, the notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken.

. . .

(c) **Civil action—Post judgment motions.** In a civil action, when a timely motion is filed pursuant to Rule 3–533 or Rule 3–534, the notice of appeal shall be filed within 30 days after entry of (1) a notice withdrawing the motion or (2) an order denying a motion pursuant to Rule 3–533 or disposing of a motion pursuant to Rule 3–534. A notice of appeal filed before the withdrawal or disposition of either of these motions does not deprive the District Court of jurisdiction to dispose of the motion."

The motion filed by respondents was a Rule 3–535 motion because it was not filed within ten days of the entry of judgment.[5] Because the motion was a Rule 3–535 motion to amend, the time for filing the notice of appeal was thirty days

---

5. We have held that a Rule 3–535 motion to amend is treated the same as a Rule 3–534 motion to amend if it is filed within ten days. *Alitalia Linee Aeree Italiane v. Tornillo,* 320 Md. 192, 200, 577 A.2d 34, 38 (1990).

after the entry of the first judgment by the District Court. As stated, *supra*, the District Court entered that judgment on November 1, 2000. Petitioner filed an appeal with the Circuit Court on November 8, 2000, well within the thirty days allowed by Rule 7–104(a).

## C. Analysis

The question is what is the effect of a notice of appeal being timely filed by one party, and a Rule 3–535 motion to amend being filed by an opposing party when the motion to amend is filed more than ten days after the judgment. In *Unnamed Attorney v. Attorney Grievance Commission,* 303 Md. 473, 494 A.2d 940 (1985), Judge Eldridge examined the effect of the filing of a motion to amend on the filing period for a notice of appeal in respect to an appeal from the Circuit Court under its then comparable rule.[6] He stated:

"In our view, therefore, the January 22, 1985, order of the circuit court was final and appealable at the time it was entered. But, under the new rules of procedure effective July 1, 1984, the Commission's motion to amend the January 22nd judgment, made within ten days, rendered the judgment nonfinal and nonappealable.

"Prior to July 1, 1984, Rule 625 a provided:

'For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity.'

This 30 day revisory period had no affect on the finality and appealability of the judgment entered in a civil action, unless the trial court did in fact revise the judgment pursuant to the rule prior to the filing of an order of appeal.

---

6. Judge Eldridge was concerned with Rules 2–534 and 2–535. As stated, *supra*, footnote 4, the holding in that case would be applicable to Rules 3–534 and 3–535.

*Brown v. Baer,* 291 Md. 377, 386–387, 435 A.2d 96 (1981). Motions filed under Rule 625 a did not stay the time for appeal. *Hardy v. Metts,* 282 Md. 1, 381 A.2d 683 (1978). Once an order for appeal had been filed and remained pending, the trial court lacked authority to act on a motion to revise a judgment, regardless of whether the motion was filed before or after the appeal. *Gilliam v. Moog Industries,* 239 Md. 107, 112, 210 A.2d 390 (1965), and cases there cited.

"With the adoption of new rules of procedure effective July 1, 1984, the substance of former Rule 625 a, providing for a thirty-day revisory power over judgments, was retained as Rule 2–535. In addition, new Rule 2–534 was promulgated, and it (along with rules 2–532 and 2–533) provided for a ten-day revisory power over judgments as follows:

'Rule 2–534. MOTION TO ALTER OR AMEND A JUDGMENT—COURT TRIAL

'In an action tried by the court, on motion of any party filed within ten days after entry of judgment, the court may open the judgment to receive additional evidence, may amend its findings or its statement of reasons for the decision, may set forth additional findings or reasons, may enter new findings or new reasons, may amend the judgment, or may enter a new judgment. A motion to alter or amend a judgment may be joined with a motion for new trial.'

Furthermore, Rule 1012(d) [7] was entirely re-written effective July 1, 1984, to provide as follows:

'In a civil action when a timely motion is filed (1) for judgment notwithstanding the verdict pursuant to Rule 2–532, (2) for new trial pursuant to Rule 2–533, or (3) to alter or amend a judgment pursuant to Rule 2–534, the

---

7. Rule 1012 was the predecessor to Maryland Rule 8–202, which enunciates the time for filing an appeal in the Court of Special Appeals. Rule 8–202(c) contains substantially the same language as Rule 7–104(c).

order for appeal shall be filed within thirty days from the date of entry of an order denying, overruling, or dismissing a motion for new trial or disposing of a motion for judgment notwithstanding the verdict or a motion to alter or amend a judgment. An order for appeal filed before the timely filing or the disposition of any of these motions shall have no effect, and a new order for appeal must be filed within the time above provided.'

"Consequently, when a motion to alter or amend an otherwise final judgment is filed within ten days after the judgment's entry, the judgment loses its finality for purposes of appeal. Under these circumstances, an order of appeal such as filed by the appellant in the instant case becomes ineffective, and a new order of appeal must be filed after the circuit court disposes of the motion.

"*A motion filed more than ten days after a judgment but within thirty days of the judgment, under Rule 2–535(a), would still have no effect upon the running of the thirty-day appeal period. When such a motion is filed, and while it is pending an appeal is filed, appellate jurisdiction attaches and the circuit court cannot decide the motion.* See P. Niemeyer and L. Richards, *Maryland Rules Commentary* 321–325 (1984). But where a motion is filed within ten days, an appeal will not ordinarily lie until the trial judge rules on the motion.

"In the case at bar, the January 22, 1985, judgment was a final appealable judgment when it was entered on that date. But, as the Attorney Grievance Commission's motion to amend the judgment was filed within ten days, the judgment lost its finality for purposes of appealability."

*Id.* at 484–86, 494 A.2d at 945–47 (emphasis added) (footnote omitted); *see Sieck v. Sieck,* 66 Md.App. 37, 40–44, 502 A.2d 528, 530–32 (1986).

In *Unnamed Attorney,* we were considering the effect of the filing of a motion to amend on the time period for the filing of a notice of appeal, instead of, as we are here, considering the effect the filing of a notice of appeal has on a

trial court's authority to rule on a motion to amend. Nevertheless, *Unnamed Attorney* holds that even if a Rule 2–535 motion to amend is filed prior to a notice of appeal, but more than ten days after the judgment is entered, the motion would not change the time for filing a notice of appeal and upon the notice of appeal being timely filed, appellate jurisdiction would attach and the trial court normally could not thereafter decide the motion to amend.[8] In the case *sub judice,* the issue is even clearer. When the notice of appeal was filed, no motion to amend existed, and no motion to amend was filed within ten days of November 1, 2000. Appellate jurisdiction attached when the first notice of appeal was filed on November 8, 2000, and there is no applicable exception that would allow the District Court to rule on respondents' Motion to Amend.

■ Rule 7–104(c) clearly provides that when a motion to amend is filed within ten days pursuant to Rule 3–534, a subsequently filed notice of appeal would not affect the District Court's jurisdiction to decide the motion. Nevertheless, if a motion to amend is filed after ten days but within thirty days pursuant to the revisory power of Rule 3–535, a notice of appeal filed either before or after the motion to amend is filed, but within the thirty-day period required for a notice of appeal, would divest the trial court of jurisdiction to rule on the Rule 3–535 motion to amend. The time for filing a notice of appeal does not change from the original thirty days after the entry of judgment with the filing of a Rule 3–535 motion to amend as it does with the filing of a Rule 3–534 motion to amend.

Once a notice of appeal has been filed, "the trial court, from which the appeal had been taken, was prohibited from re-examining the decision or order upon which the appeal was based." *Pulley v. State,* 287 Md. 406, 417, 412 A.2d 1244, 1250 (1980). There are exceptions, such as in Rule 7–104(c), which states that "[a] notice of appeal filed before the withdrawal or

---

8. Except in respect to "Clerical mistakes" which are covered by Rules 2–535(d) and 3–535(d).

disposition of either of these motions [Rules 3–533 or 3–534] does not deprive the District Court of jurisdiction to dispose of the motion." This Rule has clearly carved out an exception to the general rule that jurisdiction vests with the appellate court upon the filing of a notice of appeal. For our analysis, Rule 7–104(c) does not apply unless the Motion to Amend is filed within ten days of the judgment. Rule 3–535 is not included in the Rule 7–104(c) exception. If the intent was for the Rule 3–535 motion to amend to stay a notice of appeal until after the disposition of the motion, as a Rule 3–534 motion to amend does, Rule 3–535 would have been included in the exception enunciated in Rule 7–104(c).[9]

## III. Conclusion

In the case *sub judice,* a notice of appeal was filed and then a Rule 3–535 motion to amend was filed approximately twenty-eight days after judgment was entered by the District Court. Our holding in *Unnamed Attorney* has made clear that a Rule 3–535 motion to amend, unlike a Rule 3–534 motion to amend, does not prevent a notice of appeal from generally divesting the trial court of further jurisdiction to rule on the motion to amend. As we specifically stated, "When such a motion [a Rule 2–535 or Rule 3–535 motion to amend] is filed, and while it is pending an appeal is filed, appellate jurisdiction attaches and the circuit court [or district court] cannot decide the motion." *Unnamed Attorney,* 303 Md. at 486, 494 A.2d at 946–47.[10]

---

**9.** Another exception is provided for in Rule 3–535, itself. As stated, *supra,* Rule 3–535(d) allows the District Court to correct clerical mistakes after a notice of appeal has been filed. If the intent had been for this same exception to be included for the general revisory power in section (a) of Rule 3–535, the framers of Rule 3–535 clearly knew how to include the exception, which they chose not to do.

**10.** In a different context, we examined the matter of waiver of juvenile court authority to the criminal courts, after which the juvenile court attempted to modify its order under the provisions of Maryland Rule 11–116. We stated:

"In view of the fact that an order waiving a juvenile to the criminal courts transfers authority to that court, thereby divesting authority in

The District Court did not have jurisdiction to rule on respondents' Motion to Amend. Therefore, the Circuit Court, as the appellate court, should have ruled on petitioner's appeal and respondents' cross-appeal from the November 1, 2000 judgment of the District Court.

JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY VACATED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY RESPONDENTS.

the juvenile court, the provisions of Maryland Rule 11–116, Modification or Vacation of Order does not apply where authority has been transferred; it applies only to the modification or vacation of orders during the period while the juvenile court retains power. When the authority of the juvenile court is waived, there generally ... is no power or authority remaining that can be exercised by that juvenile court." *In re Franklin P.*, 366 Md. 306, 334, 783 A.2d 673, 689–90 (2001).