854 A.2d 889

**Rodney S. GREEN**

v.

**Ronald HUTCHINSON, Warden.**

**No. 1916, Sept. Term, 2003.**

Court of Special Appeals of Maryland.

July 20, 2004.

Rodney S. Green, pro se, appellant.

Mary Ann Ince (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellee.

Panel MURPHY, C.J., JAMES S. GETTY (Retired, Specially Assigned), MARVIN H. SMITH (Retired, Specially Assigned), JJ.

SMITH, J.

Rodney S. Green, the appellant, is an inmate who has been committed to the custody of the Commissioner of Corrections since 1990. He is serving consecutive sentences of 30 years for second degree murder and three years for carrying a concealed weapon. The appellee is Ronald Hutchinson, warden of the Maryland House of Correction in which Green is incarcerated.

## ISSUES

In this appeal, Green purports to challenge a decision of the Circuit Court for Baltimore City, by which the court denied his motion to alter or amend, pursuant to Md. Rule 2–534, its earlier dismissal of Green's petition for writ of *habeas corpus*.[1] The appellee has moved to dismiss the appeal on the ground, *inter alia*, that it is in actuality an impermissible appeal from the dismissal of the petition for writ of *habeas corpus*. Because we find merit in the appellee's argument, we shall dismiss the appeal.

---

1.  Green proceeds *pro se* in this appeal and proceeded *pro se* in pursuing the petition for writ of *habeas corpus* and the motion to alter or amend judgment.

### DISCUSSION

Green insists that the issue in this case is "whether the motion judge erred in failing to exercise his discretion in denying Green's motion to alter and/or amend the court's judgment, and not [whether the court erred earlier in denying] habeas corpus relief." [2] He asserts that because the notice of appeal was filed within 30 days of the denial of the motion to alter or amend, but not within 30 days of the dismissal of the petition for writ of habeas corpus, the appeal was clearly from the denial of the motion to alter or amend.

Assuming, without deciding, that a right to appeal would lie from the denial of a motion to alter or amend judgment when no right of appeal would lie from the underlying denial of a petition for writ of *habeas corpus,* we nevertheless conclude that no right to appeal exists in the instant case.

Maryland Rule 2–534 provides in pertinent part:

> In an action decided by the court, on motion of any party filed within ten days after entry of judgment, the court may open the judgment to receive additional evidence, may amend its findings or its statement of reasons for the decision, may set forth additional findings or reasons, may enter new findings or new reasons, may amend the judgment, or may enter a new judgment. . . .

Under Md. Rule 8–202(c):

> In a civil action, when a timely motion is filed pursuant to Rule . . . 2–534, the notice of appeal shall be filed within 30 days after entry of (1) a notice withdrawing the motion or (2) an order . . . disposing of a motion pursuant to Rule . . . 2–534. A notice of appeal filed before the withdrawal or disposition of any of these motions does not deprive the trial court of jurisdiction to dispose of the motion. If a notice of appeal is filed and thereafter a party files a timely motion pursuant to Rule . . . 2–534, the notice of appeal shall be

---

**2.** The Honorable Thomas E. Noel both presided over the hearing on the petition for writ of *habeas corpus* and denied the motion to alter or amend.

treated as filed on the same day as, but after, the entry of a notice withdrawing the motion or an order disposing of it.

The Court of Appeals has explained that, if a motion is filed more than ten days after judgment but within 30 days of the judgment, such that it is deemed a Rule 2–535 motion, " 'and while it is pending an appeal is filed, appellate jurisdiction attaches and the circuit court cannot decide the motion.' " *Nina & Nareg, Inc. v. Movahed*, 369 Md. 187, 199, 798 A.2d 557, 564 (2002) (citation omitted). "But where a motion is filed within ten days," such that it is deemed a Rule 2–534 motion, "an appeal will not ordinarily lie until the trial judge rules on the motion." *Id.* " '[W]hen a motion to alter or amend an otherwise final judgment is filed within ten days after the judgment's entry, the judgment loses its finality for purposes of appeal.' " *Id.* (citation omitted).

The trial court in the instant case entered a "Memorandum and Order" dismissing Green's petition for writ of *habeas corpus* on August 29, 2003. Exactly ten days later, on September 8, 2003, Green filed his motion to alter or amend the trial court's judgment. Thus, the motion was a proper ten-day motion under Md. Rule 2–534. It caused the August 29, 2003 judgment to lose its finality. The judgment became final on October 7, 2003, due entirely to the entry of the order denying the motion to alter or amend. Green's notice of appeal, filed on October 30, 2003, was necessarily from the judgment dismissing the petition for writ of *habeas corpus*.

It is apparent from the issues that Green attempts to raise on appeal, moreover, that Green's challenge is to the dismissal of the petition. Although Green insists that his appeal is from the denial of his motion to alter or amend, the issues, as he frames them, are:

I.    [Whether] the habeas court err[ed] in denying Appellant's motion to alter and/or amend its judgment, where (A) it failed to inquire into the allegations of ineffective assistance of counsel or determine whether a knowing and intelligent waiver existed as to this right pursuant to Maryland Rule 15–309[, and] (B) its memorandum failed to set

forth this constitutional claim and the court's ruling, pursuant to Md. Rule 15–311?

II.  [Whether] the habeas court erroneously conclude[d] (A) that Appellant did not produce a *prima facie* showing of provocation, [and] (B) erroneously conclude[d] that the trial court in its discretion determined that there was not sufficient evidence to generate a manslaughter instruction?

Clearly, these issues concern alleged errors in the denial of the petition for writ of habeas corpus itself.  They concern the denial of the motion to alter or amend judgment only to the extent that it might be inferred that the court abused its discretion in failing to correct the errors allegedly committed in the denial of the petition.

In short, Green's assertion regarding the basis of his appeal amounts to nothing more than an exercise in semantics.  It is, at best, a specious attempt to create a right of appeal where, as we shall explain, none exists.

The Court of Appeals

has consistently held that statutory provisions like [Md. Code (1974, 2002 Repl.Vol.),] § 12–301 of the Courts and Judicial Proceedings Article, generally authorizing an "appeal from a final judgment entered in a civil or criminal case," do not apply to habeas corpus cases. *An appeal may be taken from a final order in a habeas corpus case only where specifically authorized by statute. ...*

*Gluckstern v. Sutton,* 319 Md. 634, 652, 574 A.2d 898, 906 (1990) (emphasis added) (citations omitted).  The *Gluckstern* Court

identified four statutes that permit appeals or applications for leave to appeal in habeas corpus cases—[Code (1974, 2002 Repl.Vol.), § 3–707 of the Courts and Judicial Proceedings Article], applicable to the "denial of relief in habeas corpus cases regarding the right to bail or allegedly excessive bail," ...; [Code (2001), § 9–110 of the Criminal Procedure Article], applicable to the denial of habeas corpus relief in extradition cases; [Code (1974, 2002 Repl.Vol.), § 3–706, of the Courts and Judicial Proceedings Article], applicable

where a writ is issued on the ground that the law under which the petitioner is held is unconstitutional; and [Code (2001), § 7–107 of the Criminal Procedure Article], which is part of the Post Conviction Procedure Act.[3]

*State v. Thornton,* 84 Md.App. 312, 313, 578 A.2d 1212, 1213 (1990) (citing *Gluckstern,* 319 Md. at 652, 574 A.2d at 906–07). Of these four statutes, only § 7–107 of the Criminal Procedure Article could possibly apply. As we have indicated, Green has been committed to the custody of the Commissioner of Correction since 1990. The issues he raised in his petition for writ of *habeas corpus* concerned alleged improprieties in the conduct of his murder trial. The issues were of the type that could have been raised in a petition for postconviction relief had Green been entitled to file such a petition. *See* Code (2001), §§ 7–102 (establishing proper subjects of postconviction petitions) and 7–103 (setting forth limitations on filing postconviction petitions) of the Crim. Pro. Art.

As the Court of Appeals has explained:

In 1958 the General Assembly enacted the Post Conviction Procedure Act. . . . That enactment, for the first time, created a statutory remedy under which a prisoner could collaterally challenge the conviction and sentence . . . which led to his incarceration. The Post Conviction Procedure Act also provided that any party aggrieved by the final trial court order in a proceeding under the Act could file an application for leave to appeal. . . . The purpose of the Post Conviction Procedure Act was to create a simple statutory procedure, in place of the common law habeas corpus and coram nobis remedies, for collateral attacks upon criminal convictions and sentences. . . . Although for constitutional reasons the General Assembly did not restrict the authority of judges to issue writs of habeas corpus, *it did in the Post Conviction Procedure Act legislate with regard to appeals in habeas corpus cases.*

---

**3.** *See* Md.Code (2001), §§ 7–101—7–301 of the Crim. Pro. Art. (the Uniform Postconviction Procedure Act).

*Gluckstern,* 319 Md. at 658, 574 A.2d at 909–10 (emphasis added) (citations omitted) (footnote omitted). Section 7–107(b) of the Uniform Postconviction Procedure Act specifically provides:

> (1) In a case in which a person challenges the validity of confinement under a sentence of death or imprisonment by seeking the writ of habeas corpus or the writ of corum nobis or by invoking a common law or statutory remedy other than this title, *a person may not appeal to the Court of Appeals or the Court of Special Appeals.*
>
> (2) This subtitle does not bar an appeal to the Court of Special Appeals:
>
> (i) in a habeas corpus proceeding begun under § 9–110 of this article; or
>
> (ii) in any other proceeding in which a writ of habeas corpus is sought for a purpose other than to challenge the legality of a conviction of a crime or sentence of death or imprisonment for the conviction of the crime, including confinement as a result of a proceeding under Title 4 of the Correctional Services Article.

Code (2001), § 7–107(b) of the Crim. Pro. Art. (emphasis added).

■ None of the exceptions that would permit an appeal from the dismissal of a petition for writ of *habeas corpus* are applicable to the instant case. The case does not involve extradition, as contemplated by § 9–110 of the Criminal Procedure Article. Nor does it involve confinement in the Patuxent Institution as the result of proceedings under Title 4 of the Correctional Services Article. It cannot be said that Green sought the writ of *habeas corpus* for a purpose other than to challenge the legality of his convictions or sentences. The arguments set forth in the petition alleged ineffective assistance of counsel, errors in the admission of evidence, and improprieties concerning jury instructions and the submission of counts to the jury. The arguments went directly to the legality of Green's convictions. *Compare Maryland Correctional Institution v. Lee,* 362 Md. 502, 515, 766 A.2d 80, 87

(2001) (prison's appeal from grant of inmate's petition for *habeas corpus* relief was authorized by Uniform Postconviction Procedure Act (the "Act") where inmate's petition challenged Division of Correction's alleged failure to follow its own guidelines in administering her sentence but did not challenge her sentence); *Gluckstern,* 319 Md. at 656–63, 574 A.2d at 908–12 (appeal by Director of Patuxent Institution from grant of inmate's petition for *habeas corpus* relief was authorized by Act where inmate's petition had challenged parole procedures but did not challenge his sentence); *Lomax v. Warden, Maryland Correctional Training Ctr.,* 120 Md.App. 314, 327, 707 A.2d 395, 401 (1998) (inmate's appeal from denial of petition for *habeas corpus* relief was authorized by Act where inmate's petition challenged Governor's policy of declining to approve parole for inmates serving life sentences but did not challenge his sentence), *aff'd,* 356 Md. 569, 741 A.2d 476 (1999). Accordingly, we hold that Green was not permitted to appeal from the judgment dismissing his petition for writ of *habeas corpus.*

**APPEAL DISMISSED; APPELLANT TO PAY THE COSTS.**