838 A.2d 362

**BROWN & WILLIAMSON TOBACCO CORP., et al.**

v.

**GRESS, et al.**

No. 38, Sept. Term, 2003.

Court of Appeals of Maryland.

Dec. 15, 2003.

Robert C. Heim (Dechert LLP of Philadelphia, PA; George A. Nilson, George F. Ritchie and Christina M. Burden of Piper Rudnick LLP, Kenneth L. Thompson, Paul J. Day, Piper Rudnick LLP, William F. Ryan, Jr., Christopher B. Lord, Whiteford Taylor & Preston LLP, Baltimore), for petitioners.

R. Bruce McElhone (Theodore M. Flerlage and James S. Zavakos of Law Offices of Peter G. Angelos, P.C., E. David Hoskins of Law Offices of E. David Hoskins, LLC, all on brief), Baltimore, for respondents.

R. Dal Burton, Womble, Carlyle, Sandridge & Rice, PLLC, Atlanta, GA; Kenneth L. Thompson, Paul J. Day, Piper Rudnick LLP, Baltimore, for Attorneys for Appellant R.J. Reynolds Tobacco Company.

Norbert F. Bergholtz, Louise E. Moyer, Dechert LLP, Philadelphia, PA; James K. Archibald, Marina M. Sabett, Andrew Gendron, Venable, Baetjer and Howard, LLP, Baltimore, for Attorneys for Attorneys for Appellant Philip Morris Incorporated.

J. William Newbold, Bruce D. Ryder, Thompson Coburn LLP, St. Louis, MO; Edward C. Schmidt, Thompson Coburn LLP, Washington, DC; Kathleen McDonald, Kerr McDonald, LLP, Baltimore, for Attorneys for Appellant Tobacco Co.

William F. Ryan, Jr., Christopher B. Lord, Whiteford Taylor & Preston LLP, Baltimore, for Attorneys for Appellant The Tobacco Institute, Inc.

David W. Skeen, Wright, Constable & Skeen, LLP, Deborah L. Robinson, Peter A. Woolson, Melodie M. Mabanta, Robinson Woolson, P.A., Baltimore; Aaron H. Marks, Nancy Straub, Kasowitz, Benson, Torres & Friedman, LLP, New York, NY, for Attorneys for Appellant Liggett Group, Inc.

Argued before BELL, C.J., and ELDRIDGE *, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

BELL, Chief Judge.

Maryland Rule 8–602(e) provides:

"(e) *Entry of Judgment Not Directed Under Rule 2–602.* (1) If the appellate court determines that the order from which the appeal is taken was not a final judgment when the notice of appeal was filed but that the lower court had discretion to direct the entry of a final judgment pursuant to Rule 2–602(b), the appellate court may, as it finds appro-

---

* Eldridge, J. now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

priate, (A) dismiss the appeal, (B) remand the case for the lower court to decide whether to direct the entry of a final judgment, (C) enter a final judgment on its own initiative or (D) if a final judgment was entered by the lower court after the notice of appeal was filed, treat the notice of appeal as if filed on the same day as, but after, the entry of the judgment.

"(2) If, upon remand, the lower court decides not to direct entry of a final judgment pursuant to Rule 2–602(b), the lower court shall promptly notify the appellate court of its decision and the appellate court shall dismiss the appeal. If, upon remand, the lower court determines that there is no just reason for delay and directs the entry of a final judgment pursuant to Rule 2–602(b), the case shall be returned to the appellate court after entry of the judgment. The appellate court shall treat the notice of appeal as if filed on the date of entry of the judgment.

"(3) If the appellate court enters a final judgment on its own initiative, it shall treat the notice of appeal as if filed on the date of the entry of the judgment and proceed with the appeal."

As relevant to the case *sub judice*, pursuant to Rule 8–602(e)(1)(C), where the trial court could have directed entry of final judgment in a case prematurely appealed, an appellate court has discretion to "enter a final judgment on its own initiative[.]"

It is well settled that

"an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:

"(1) is not a final judgment;

"(2) does not terminate the action as to any of the claims or any of the parties; and

"(3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties."

Maryland Rule 2–602(a). See *Gruber v. Gruber*, 369 Md. 540, 546, 801 A.2d 1013, 1016 (2002); *Taha v. Southern Mgmt. Co.*, 367 Md. 564, 567–68, 790 A.2d 11, 13 (2002); *O'Brien v. O'Brien*, 367 Md. 547, 553–54, 790 A.2d 1, 4–5 (2002); *Board of Liquor License Comm'rs for Baltimore City v. Fells Point Cafe, Inc.*, 344 Md. 120, 129, 685 A.2d 772, 776 (1996), *Rohrbeck v. Rohrbeck*, 318 Md. 28, 40–41, 566 A.2d 767, 773–74 (1989). Such an order is not appealable. *See* Maryland Code (1973, 2002 Replacement Volume), § 12–301 of the Courts and Judicial Proceedings Article;[1] *Estep v. Georgetown Leather*, 320 Md. 277, 282, 577 A.2d 78, 80 (1990).

An order that is not otherwise final may be certified as such, under some circumstances. Maryland Rule 2–602(b) addresses those circumstances. It provides:

"(b) When allowed. If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:

"(1) as to one or more but fewer than all of the claims or parties; or

"(2) pursuant to Rule 2–501(e)(3), for some but less than all of the amount requested in a claim seeking money relief only."

Rule 2–602(b)(1) is relevant to the case *sub judice.*

At the center of this case is the relationship between Maryland Rule 8–602(e)(1)(C) and Maryland Rule 2–602(b)

---

**1.** Maryland Code (1973, 2002 Replacement Volume), § 12–301 of the Courts and Judicial Proceedings Article provides:

"Except as provided in § 12–302 of this subtitle, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended. In a civil case, a plaintiff who has accepted a remittitur may cross-appeal from the final judgment."

and, in turn, that relationship's impact on the appellate court's discretion to itself enter a final judgment in a case in which an appeal has been taken prematurely. More particularly, we are required to consider whether, in deciding to direct entry of final judgment, the appellate court may disregard the trial court's appropriately exercised discretionary decision not to certify the order at issue as a final judgment. Although the respondents, Patricia A. Gress, Mary E. Mayes, Joseph and Iva Dingus, and George Van Daniker, so requested, the Circuit Court for Baltimore City refused to certify as a final judgment its order dismissing their complaints against the petitioners Brown & Williamson Tobacco Corporation, individually and as successor in interest to The American Tobacco Company, Lorillard Tobacco Company, Phillip Morris Incorporated, R.J. Reynolds Tobacco Company, The Tobacco Institute, Inc., and Liggett Group Inc. (the "cigarette defendants"), thus leaving only asbestos claims against AC and S, Inc., Owens Illinois, Inc., Flintkoke Company, Pfizer Corporation, Universal Refractories, E.L. Stebbings & Co., Inc., Quigley Company, Inc., Owens Corning Fiberglas Corporation, Corhart Refractories Company, A.W. Chesterton, and Anchor Packing, as defendants (the "asbestos defendants").[2]

---

**2.** The respondents initially sued the asbestos defendants for occupational exposure to asbestos products. *Gress v. ACandS, Inc.,* 150 Md.App. 369, 374–75, 820 A.2d 616, 619 (2003). They subsequently filed amended complaints "adding claims against the Cigarette Defendants, and seeking damages for injuries and death allegedly caused by exposure to both asbestos and inhaled cigarette smoke," which, because they acted in "synergy," multiplied the risk of developing lung cancer. *Id.* at 375, 820 A.2d at 619. Following a hearing on the cigarette defendants' motion to dismiss or sever, the trial court entered orders, dated March 22, 2002, granting that motion and ordering "that the complaint is DISMISSED WITHOUT PREJUDICE." *Id.* Thereafter, because the order dismissed the complaint, which included both claims against the cigarette defendants and the asbestos defendants, the respondents noted an appeal to the Court of Special Appeals and, on the same day, the cigarette defendants brought to the court's attention that its order dismissed all claims against all defendants. By orders dated May 28, 2002 and April 17, 2002, the court entered amended orders in all cases but Dingus', dismissing only the claims against the cigarette defendants, without prejudice. *Id.* The respondents did not note appeals from those orders.

Notwithstanding that court's refusal to certify the orders relating to the cigarette defendants as final judgments, the Court of Special Appeals entered such judgments on its own initiative pursuant to Rule 8–602(e)(1)(C), *Gress v. ACandS, Inc.*, 150 Md.App. 369, 383, 820 A.2d 616, 624 (2003), holding

"under Md. Rule 8–602(e)(1)(C), an appellate court is authorized to enter a final judgment even if the circuit court did not abuse its discretion in refusing to do so, provided that (1) the appellate court is persuaded that entry of a final judgment is appropriate under the circumstances, and (2) the circuit court had discretion to enter a final judgment but did not do so."

Rationalizing its decision, the intermediate appellate court relied on *Wilde v. Swanson*, 314 Md. 80, 548 A.2d 837 (1988).[3] In that case, the Circuit Court for Montgomery County directed the entry of a final judgment when it dismissed the case against Wilde, one of the four defendants allegedly involved in an assault against a motel guest. *Id.* at 82, 548 A.2d at 838. On appeal, respondent Wilde argued that the trial court should not have entered final judgment and, thus, the appeal was improper. The Court of Special Appeals denied the respondent's motion to dismiss the appeal and addressed, and ultimately reversed, the Circuit Court on the merits of the dismissal. After granting certiorari, this Court affirmed the decision of the Court of Special Appeals, both on the grounds

---

**3.** Although the issue involved in this case was not presented in *Shofer v. the Stuart Hack Company*, 324 Md. 92, 98, 595 A.2d 1078, (1991), *cert. denied*, 502 U.S. 1096, 112 S.Ct. 1174, 117 L.Ed.2d 419 (1992), it is interesting to note that the *Shofer* Court, explaining its decision to enter final judgment on its own initiative, stated:

"The docket of the Circuit Court for Baltimore City reflects that no judgment has ever been entered disposing of the third-party claim by respondents against Grabush. Nor was the circuit court asked to certify its dismissal of Shofer's second amended complaint as a final judgment pursuant to Maryland Rule 2–602. Thus, this case could be dismissed as a premature appeal. *See Estep v. Georgetown Leather Design*, 320 Md. 277, 577 A.2d 78 (1990). Nevertheless, we exercise our discretion under Maryland Rule 8–602(e)(1)(C) and hereby enter as a final judgment the judgment of the Circuit Court for Baltimore City dismissing all of Shofer's claims."

that the certification of final judgment was proper and that the Court of Special Appeals had ruled correctly regarding the merits of the Circuit Court dismissal. In doing so, this Court noted that all of the claims "arose out of the same transaction or occurrence," *id.* at 87, 548 A.2d at 840, that the issues of liability involved "a substantial degree of common proof," and compensatory damages, "a complete commonality of proof," *id.*, and that, because the venue ruling split one action into two actions, "[i]f erroneous, the ruling unnecessarily multiplied the time, effort, and expense for the plaintiffs in asserting all of their claims and needlessly created collateral estoppel complexities." *Id.* at 88, 548 A.2d at 841.

In the case *sub judice*, the Court of Special Appeals concluded that "the reasons for certification that were discussed by the *Wilde* Court are equally applicable to the case at bar." 150 Md.App. at 382, 820 A.2d at 623–24. It explained:

"Because appellants seek to hold both the Cigarette Defendants and the Asbestos Defendants liable under the "synergy theory," the claims against both groups will involve a substantial amount of "common proof." Moreover, it is more likely so than not so that a jury considering only appellants' claims against the Asbestos Defendants would be presented with evidence that appellants' injuries were caused and/or aggravated by their use of tobacco."

*Id.* at 382, 820 A.2d at 624 (footnote omitted).

The intermediate appellate court also pointed out that the trial court's time "is a valuable public commodity that should not be wasted." *Id.* Therefore, it concluded, noting the Circuit Court's discretion to certify the subject orders as final judgments, "[i]f the orders of dismissal were erroneously entered, there would be a needless waste of the court's time in addition to the extra time, effort, and expenses imposed upon the parties." *Id.* at 382–83, 820 A.2d at 624. That is also consistent with the purpose of the Rule, the court asserted, that purpose being, as reflected in a letter from the Committee's Reporter, to "provide the appellate court with an 'option [that] will eliminate the necessity for a remand when the

appellate court determines that entry of a judgment pursuant to Rule 2–602(b) would be appropriate.'" *Id.* at 383, 820 A.2d at 624.

The Court of Special Appeals acknowledged that the trial court had refused to certify the judgments as final judgments and that the exercise of discretion in doing so was not abused. The Court, however, concluded that neither constituted a barrier to its option to enter final judgment on its own initiative. The intermediate appellate court explained:

> "Because the appellate court applies the law in effect on the date that it files its opinion, rather than the law in effect when the circuit court made the ruling at issue, there are cases in which a post-ruling change in—or a clarification of—the applicable law makes the entry of a final judgment under Md. Rule 8–602(e)(1)(C) appropriate even if the circuit court's refusal to enter a final judgment did not constitute an abuse of that court's discretion. The cases at bar are such cases. It is appropriate for this Court to enter final judgments in order to decide the issue of whether appellants are entitled to join in one action their claims against the Asbestos Defendants and the Cigarette Defendants."

*Id.* at 383–84, 820 A.2d at 624–25.[4]

The cigarette defendants filed a Petition for Writ of Certiorari, seeking review of this important issue. We granted their Petition. *In re Brown & Williamson,* 376 Md. 49, 827 A.2d 112 (2003). We shall reverse.

The question whether the Court of Special Appeals has the authority to enter final judgment pursuant to Maryland Rule 8–602(e)(1)(C) when the trial court, that could have entered final judgment pursuant to Maryland Rule 2–602(b),

---

4. Having entered final judgments, the Court of Special Appeals proceeded to address the merits and reverse the judgment of the trial court in that regard. We do not reach the merits and, therefore, express no opinion as to the intermediate appellate court's resolution of them.

has expressly refused to do so, requires the interpretation of Rule 8–602. It is well settled that

"To interpret rules of procedure, we use the same canons and principles of construction used to interpret statutes. *Hartless v. State*, 327 Md. 558, 563, 611 A.2d 581, 583 (1992); *State v. Romulus*, 315 Md. 526, 533, 555 A.2d 494, 496 (1989); *O'Donnell v. McGann*, 310 Md. 342, 350, 529 A.2d 372, 376 (1987); *In re Leslie M.*, 305 Md. 477, 481, 505 A.2d 504, 507 (1986); *Pappas v. Pappas*, 287 Md. 455, 465, 413 A.2d 549, 553 (1980). In our effort to discern the meaning of a rule, we look first to the words of the rule. When the words are clear and unambiguous, ordinarily we need not go any further. *Mustafa v. State*, 323 Md. 65, 73, 591 A.2d 481, 485 (1991); *G. Heileman Brewing Co. v. Stroh Brewery Co.*, 308 Md. 746, 755, 521 A.2d 1225, 1230 (1987); *In re Criminal Investigation No. 1–162*, 307 Md. 674, 685, 516 A.2d 976, 982 (1986); *Comptroller of Treasury v. Fairchild Industries, Inc.*, 303 Md. 280, 284, 493 A.2d 341, 343 (1985). Only when the language of the rule is ambiguous is it necessary that we look elsewhere to ascertain legislative intent. *State Comm'n on Human Relations v. Mayor and City Council of Baltimore*, 280 Md. 35, 41, 371 A.2d 645, 648 (1977). We are also to give effect to the entire rule, neither adding, nor deleting, words in order to give it a meaning not otherwise evident by the words actually used. *Bd. of Educ. of Garrett County v. Lendo*, 295 Md. 55, 63, 453 A.2d 1185, 1189 (1982); *Smelser v. Criterion Ins. Co.*, 293 Md. 384, 389, 444 A.2d 1024, 1027 (1982); *Pappas v. Pappas*, 287 Md. 455, 465, 413 A.2d 549, 553 (1980). Finally, we seek to give the rule a reasonable interpretation, not one that is illogical or incompatible with common sense. *D & Y, Inc. v. Winston*, 320 Md. 534, 538, 578 A.2d 1177, 1179 (1990); *Blandon v. State*, 304 Md. 316, 319, 498 A.2d 1195, 1196 (1985); *Erwin and Shafer, Inc. v. Pabst Brewing Co.*, 304 Md. 302, 315, 498 A.2d 1188, 1194 (1985)."

*New Jersey v. Strazzella*, 331 Md. 270, 275, 627 A.2d 1055, 1057 (1993). *See Nina & Nareg, Inc. v. Movahed*, 369 Md. 187, 193–94, 798 A.2d 557, 561 (2002); *Cooper v. Sacco*, 357

Md. 622, 629–30, 745 A.2d 1074, 1077 (2000); *State v. Bell*, 351 Md. 709, 717, 720 A.2d 311, 315–16 (1998); *State v. Harrell*, 348 Md. 69, 79–80, 702 A.2d 723, 728 (1997); *In re Victor B.*, 336 Md. 85, 94, 646 A.2d 1012, 1016 (1994). *See also Md. Transp. Auth. v. King*, 369 Md. 274, 289, 799 A.2d 1246, 1255 (2002) (noting that interpretation of agency rules is subject to same canons and rules as applicable to the construction of statutes).

Taken as a whole, Rule 8–602(e) is capable of but one reasonable construction. Subsection (e)(1) requires the appellate court to make two threshold determinations before choosing from among the four options it is given as to how to proceed: first, whether the order appealed was premature—not final—when the appeal was noted and second, whether the trial court could have directed the entry of final judgment pursuant to Rule 2–602(b). If those two threshold questions are answered affirmatively, Rule 8–602(e) gives it discretion to (1) dismiss the appeal, subsection (e)(1)(A), (2), remand the case to allow the trial court to decide whether to direct entry of final judgment, subsection (e)(1)(B), (3), enter final judgment, subsection (e)(1)(C), or (4) where the trial court has entered final judgment after the appeal was noted, deem the appeal timely filed and, thus, consider the appeal, subsection (e)(1)(D). The determination with regard to the trial court's discretion to enter final judgment is stated in the past tense and, thus, its focus is on the trial court's power to have directed, as opposed to its actual exercise of discretion with respect to, entry of final judgment. Were the contemplation or intention otherwise, the Rule's reference to the threshold determinations undoubtedly would have been phrased much as the Court of Special Appeals characterized them when stating its holding: "provided that (1) the appellate court is persuaded that entry of a final judgment is appropriate under the circumstances, and (2) the [C]ircuit [C]ourt had discretion to enter a final judgment but did not do so."

Viewed from this perspective, the first three options contemplate the situation in which the trial court has not entered final judgment and, indeed, in which the trial court has not

considered the issue. This is quite obvious in the case of the second option, remand—there is no reason to remand for further consideration if the matter has already been considered or if a final judgment has been entered. Considered in context, the other two options must be read the same way. Confirmation of that construction is supplied by the fourth option, which expressly contemplates the situation in which the trial court has entered final judgment on its own initiative, albeit after the appeal was filed.

If still further confirmation is necessary, subsection (e)(2) supplies it. That subsection further addresses the situation in which the case is remanded for the trial court to determine whether to direct the entry of final judgment. It instructs that when "the lower court decides not to direct the entry of a final judgment pursuant to Rule 2–602(b), the lower court shall promptly notify the appellate court of its decision and the appellate court shall dismiss the appeal." If dismissal is required where the case has been remanded for a determination of whether a final judgment should be directed to be entered, it follows that the same requirement must apply when, as in this case, the trial court has been invited to consider the same issue after a premature appeal has been noted, and the trial court has not only considered the desirability of certification, but rejected it. A different construction renders the Rule internally inconsistent and, in truth, illogical.

The history of Rule 8–602(e)'s promulgation is consistent with our interpretation of that Rule. Rule 8–602 was adopted by the Court of Appeals, as a part of the Ninety–Seventh Report, by Rules Order dated November 19, 1987, effective July 1, 1988. Subsection (e) and subsection (d),[5] were "intended to deal with the vexing problem of premature appeals."

---

5. Maryland Rule 8–602(d) provides:

"(d) Judgment entered after notice filed.A notice of appeal filed after the announcement or signing by the trial court of a ruling, decision, order, or judgment but before entry of the ruling, decision, order, or judgment on the docket shall be treated as filed on the same day as, but after, the entry on the docket."

Reporter's Note to Rule 8–602(e), Ninety–Seventh Report at 134.[6]  In that Note, the Reporter explained:

"The Committee perceives three major categories of premature appeals:  (1) when the appeal is noted from some action of the court, but a judgment as such, or further action qualifying under case law as a judgment, is never entered; (2) when an appeal is noted and a judgment is ultimately entered, but after the notice of appeal;  and (3) when the lack of a judgment is due to the fact that there remains unresolved claims against one or more parties.

"Sections (d) and (e) deal only with the latter two categories.  If there is no judgment at all, there is little that the appellate court can do but dismiss the appeal.  Where the judgment has, in fact, been entered, the Committee believes that it is more appropriate, in terms of the efficient administration of justice, simply to regard the appeal as having been taken from that judgment than to dismiss the appeal. That is provided for in section (d), the language of which is patterned after F[ederal] R[ules of] A[ppellate] P[rocedure] 4(a)(2).

"Section (e) deals with the Rule 2–602 problem.[7]  Essentially, it permits the appellate court, instead of simply

---

**6.**  Although a part of the Ninety–Seventh Report, delivered to the Court on November 5, 1987, this Rule was transmitted to the Court early, as an attachment to the Reporter's letter of November 3, 1987.

**7.**  The "Rule 2–602 problem" was referred to in *Planning Board of Howard County v. Mortimer*, 310 Md. 639, 644, n. 2, 530 A.2d 1237, 1240, n. 2 (1987) and *Jenkins v. Jenkins*, 112 Md.App. 390, 415, 685 A.2d 817, 829 (1996).  These references reflect the two aspects of the problem that have been recognized.  In *Mortimer*, after noting the purpose of the Rule 2–602(b), "to avoid the costs, delays, frustrations, and unnecessary demands on judicial resources occasioned by piecemeal appeals ... [and] provide litigants with certainty as to the finality of judgments for appeal purposes," 310 Md. at 646–47, 530 A.2d at 1241, 1241 (citations omitted), this Court explained that, to accomplish these goals, Rule 2–602 "view[s] an action involving multiple claims or multiple parties as a single judicial unit ordinarily requiring complete disposition before a final appealable judgment may be entered."  *Id.* at 647, 530 A.2d at 1242.  We then pointed out:

dismissing the appeal as it does now, to return the case to the [C]ircuit [C]ourt in compliance with Rule 2–602. If the [C]ircuit [C]ourt makes the required determination, the appeal can proceed; otherwise it will be dismissed. The Rule also permits the appellate court to enter a final judgment on its own initiative and to proceed with the appeal without returning the case to the [C]ircuit [C]ourt."

The respondent submits that this history, along with the letter dated November 3, 1987 from the Rules Committee Reporter, referenced by the intermediate appellate court, which emphasized the option of the appellate court to enter final judgment on its own initiative, confirms the accuracy of the Court of Special Appeal's decision in this case. We do not agree. As we have explained, the option of entering final judgment cannot be viewed in isolation. When it is considered along with the other available options, as the Reporter's Note

---

"... Md. Rule 2–602 ... envision[s] exceptions to this design and invest[s] in the trial judge discretionary authority to manage complex cases by acting as a "dispatcher" of final orders .... [and], therefore, reflects 'a return to the general pre-rules equation of finality with complete disposition of the action, subject to a limited discretion in the trial court to bend the general principle to avoid injustice.'

"Absent the exercise of this discretionary authority, final decisions that completely dispose of one of several claims or the rights and liabilities of one of several parties are treated, essentially, as interlocutory orders. As this Court noted in *Lang v. Catterton*, 267 Md. 268, 272, 297 A.2d 735, 738 (1972), discussing the operation of former Rule 605a, '[t]he right of appeal is not denied, but the time for taking the appeal is regulated in the interest of judicial administration and to prevent piecemeal appeals.' "

*Id.* at 647–48, 530 A.2d at 1241 (some citations omitted, quoting 6 J. Moore, W. Taggart, J. Wicker, Federal Practice, § 54.27 [2.–2] at p. 54–115 (2d ed.1987)). This is the aspect of the Rule 2–602 problem to which the *Jenkins* case referred, when, speaking for the intermediate appellate court, Judge Harrell wrote of the "Md. Rule 2–602 problem, *i.e.* the multiple parties, multiple claims problem." 112 Md.App. at 415, 685 A.2d at 829.

The *Mortimer* reference to the problem concerned the second aspect, the situation in which a certification under Rule 2–602 is not permissible because it is not " 'completely dispositive of an entire claim or party.' " 310 Md. at 648–49, 530 A.2d at 1242, quoting *Snowden v. Baltimore Gas & Electric*, 300 Md. 555, 563, 479 A.2d 1329, 1333 (1984).

does, we believe that it is obvious and clear that the option to enter final judgment *sua sponte* does not extend to those cases in which the trial court was asked to certify an order as final and refused to do so.

The respondents, like the Court of Special Appeals, direct our attention to *Wilde* as support for the proposition that an appellate court may enter a final judgment even after the trial court has consciously declined to do so. Also, like the intermediate appellate court, respondents' focus is on the merits of the case for or against certifying the dismissal of the claims against the cigarette defendants as final. Thus, they argue:

> "... [I]f the appeal were not allowed to proceed, the possibility existed that the Plaintiffs would obtain complete recovery from the Asbestos Defendants such that no second trial would ever proceed against the Appellants. The possibility also existed, however, that the Plaintiffs might not be able to effect a recovery against Asbestos Defendants at trial, thus subjecting the case, as expressly contemplated by the Court of Appeals in *Wilde*, to 'collateral estoppel complexities' resulting from court-mandated parallel lawsuits seeking recovery for the same injury. Thus, the orders issued below by the [C]ircuit [C]ourt, if left not final and unappealable, put the Plaintiffs at substantial risk of being denied the ability of further prosecuting their claims against the [petitioners].'"

In *Wilde, supra,* the petitioner argued that the Circuit Court should not have certified its dismissal for improper venue as a final judgment, thus allowing for immediate appeal in that multiple parties and claims action. *Wilde,* 314 Md. at 87, 548 A.2d at 840. Thus, the Court was considering an argument "address[ing] the role of the [C]ircuit [C]ourt judge as 'dispatcher' in applying Rule 2–602." *Id.* Consequently, that case falls within the rule "that the dispatcher's 'exercise of discretion is reviewable and should not be routinely exercised. A separate appeal under Rule 2–602 should be allowed only ... in the very infrequent harsh case.'" *Id.,* quoting *Planning Bd. v. Mortimer,* 310 Md. 639, 648, 530 A.2d 1237,

1242 (1987) (quoting *Diener Enterprises v. Miller*, 266 Md. 551, 556, 295 A.2d 470, 473 (1972)).

There was, in this case, no separate appeal under Rule 2–602 challenging, or at least seeking review of, the trial court's exercise of discretion. Indeed, the only issue presented to the Court of Special Appeals by the respondents was:

"Did the trial court err in granting the Cigarette Defendants' Motion to Dismiss or Sever and dismissing the Plaintiffs' amended complaints without prejudice?"

That issue was later refined by the trial court to relate only to the complaints against the cigarette defendants and, as refined, continued to be resolved adverse to the respondents, who, as we have said, did not cross petition for certiorari on the basis that, even as refined, the trial court abused its discretion. Moreover, *Wilde* simply does not address the issue that this case does present, whether an appellate court's discretion to enter a final judgment survives a trial court's exercise of its discretion not to direct entry of one.

We hold that where a trial court has been invited to direct entry of a final judgment in a case in which that trial court has discretion to do so and that trial court expressly declines to do so, and the merits of that ruling is not appealed,[8] Rule 8–602(e)(1)(C) does not authorize an appellate court nevertheless to enter final judgment on its own initiative.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO DISMISS THE RESPONDENTS' APPEALS. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE RESPONDENTS.

---

8. The petitioners would have us go further and hold that a ruling refusing to direct the entry of a final judgment is not appealable. We have not gone so far and decline to do so in this case. As noted, we have stated, albeit arguably in the context of the directing of the entry of final judgment, that the exercise of the trial court's discretion as the " 'dispatcher' of final orders," *Mortimer*, 310 Md. at 647, 530 A.2d at 1241, is reviewable. *Id.* at 648, 530 A.2d at 1242.