46 A.3d 413

**Jerome PINKNEY**

v.

**STATE of Maryland.**

No. 97, Sept. Term, 2011.

Court of Appeals of Maryland.

June 22, 2012.

Martha Gillespie, Assistant Public Defender (Paul B. De-Wolfe, Public Defender, Baltimore, MD), on brief, for Petitioner.

Gary E. O'Connor, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore, MD), on brief, for Respondent.

Argued before: BELL, C.J., HARRELL, BATTAGLIA, GREENE, ADKINS, BARBERA and McDONALD, JJ.

GREENE, J.

In this case, Petitioner, Jerome Pinkney, was charged in the District Court of Maryland, sitting in Baltimore City, with second degree assault, resisting arrest, and disorderly conduct. Following Petitioner's prayer for a jury trial, the case was transferred to the Circuit Court for Baltimore City. Prior to the scheduled trial date, Petitioner filed a motion with the trial court, requesting to discharge the assistant public defender appointed as his counsel in the case. The trial court issued an Order denying Petitioner's motion, but indicating that he could renew the motion at trial. On December 21, 2009, Petitioner's case was called for trial. A colloquy ensued between Petitioner and the trial judge, during which Petitioner expressed a belief that his trial counsel was not representing him effectively. After asking Petitioner to state his reasons for requesting discharge of counsel, the trial judge determined that the reasons were not meritorious, and the judge denied Petitioner's motion. The trial proceeded with Petitioner being represented by the Office of the Public Defender, and Petitioner was convicted of second degree assault.[1] The judge imposed a sentence of eighteen months imprisonment.

Petitioner noted an appeal to the Court of Special Appeals, claiming, *inter alia*, that the trial court violated Maryland Rule 4–215(e) [2] by failing to inform him of his right to dis-

---

1. A nol pros was entered by the State for the resisting arrest charge, and the trial judge granted Petitioner's Motion for Judgment of Acquittal with regard to the disorderly conduct charge. Therefore, the only charge before the jury during deliberations was second degree assault.

2. Maryland Rule 4–215(e), governing discharge of trial counsel and waiver of the right to counsel, provides:

charge counsel and proceed to trial *pro se*. *Pinkney v. State*, 200 Md.App. 563, 565, 28 A.3d 118, 119 (2011). The intermediate appellate court affirmed the judgment of the trial court, concluding that the trial judge was not required, under the plain language and meaning of Rule 4–215(e), to inform Petitioner of the right to conduct his trial *pro se*, in the absence of a statement by Petitioner reasonably indicating a desire to represent himself at trial. *Pinkney*, 200 Md.App. at 576, 28 A.3d at 126. We granted *certiorari*, *Pinkney v. State*, 424 Md. 55, 33 A.3d 981 (2011), to answer the following question posed by Petitioner: "When an accused moves to discharge counsel under Maryland Rule 4–215(e) and the trial judge finds that the accused has not presented meritorious reasons for the discharge, may the judge require the accused to proceed to trial with his assigned counsel without first informing him that he may discharge counsel himself and proceed *pro se* if he chooses?" We shall affirm the judgment of the Court of Special Appeals and hold that the trial judge was not required to inform Petitioner of his right to *pro se* representation in a situation where the trial court denied Petitioner's unmeritorious request to discharge trial counsel and Petitioner made no statement that reasonably could be understood as indicating a desire to invoke the right to self-representation.

---

If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel, it shall comply with subsections (a)(1)-(4) of this Rule if the docket or file does not reflect prior compliance.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 29, 2009, several detectives from the Baltimore City Police Department, working in a plainclothes capacity, were traveling in an unmarked vehicle on Harford Road in Baltimore City. At approximately 5:00 p.m., the detectives observed a group of people standing near the intersection of Harford Road and Cliftview Avenue. Detective Austin Sailor testified that he saw currency "flying in the air." The detective stated that he witnessed a female bend down to pick up some of the currency, and a man, who the detective identified as Petitioner, struck the female in the face. Detective Chris Merino, who was also riding in the unmarked vehicle, similarly testified that he observed Petitioner strike a female in her face with a closed fist. On the basis of these facts, Petitioner was arrested and tried in the Circuit Court for Baltimore City.

For purposes of our review of the trial judge's interpretation and application of Maryland Rule 4–215(e), we focus primarily on those facts relevant to Petitioner's request to discharge his trial counsel. Prior to trial in the Circuit Court for Baltimore City, Petitioner filed a motion with the trial court, seeking to discharge his trial counsel, who had been appointed by the Office of the Public Defender. Petitioner asserted that his trial counsel was conspiring with the State's Attorney and was not representing him effectively. In his motion, Petitioner stated, "I ask the court to find me legal counsel[.]" The trial judge denied Petitioner's motion without prejudice, indicating in his Order that Petitioner could renew the motion at trial.

When Petitioner's case was called for trial on December 21, 2009, the following discussion ensued on the record:

Ms. Polk: *State of Maryland v. Jerome Pinkney,* 809247030. Lauren Polk for the State.

Mr. Thornton: Brandon Thornton, Your Honor. Mr. Pinkney is here, and we're at a point where Mr. Pinkney is petitioning the court to discharge the service of the Public Defender. Your Honor, he is not speaking to me and he does not wish to stand with me at the trial table.

The Court: All right. Mr. Pinkney, you need to stand at the trial table, because your case has been called whether Mr. Thornton is representing you or not.

Ms. Polk: State's ready, Your Honor.

The Court: Now, very quickly Mr. Pinkney. What's the problem with Mr. Thornton in your eyes?

The Defendant: Huh?

The Court: What problem do you have with Mr. Thornton representing you?

The Defendant: I don't want him to represent me. I asked him something last time. You asked me, what did I say? He said, nothing, like you know.

The Court: Have you hired an attorney, Mr. Pinkney?

The Defendant: No.

The Court: All right. Well, Mr. Thornton is the attorney you had from the Public Defender's Office. Are you able to talk with him about your case?

The Defendant: Two minutes ain't ample time to talk to nobody about no case. The only time I've seen him is when I come in here. He talked to me for about two minutes.

The Court: All right. Mr. Thornton, have you had time to prepare for trial in this case?

Mr. Thornton: Your Honor, we don't have any witnesses. It is what is it.

The Court: Have you reviewed what the State has in discovery?

Mr. Thornton: Yes.

The Court: Mr. Pinkney, are there any witnesses to this event that you've identified?

The Defendant: What do you mean?

The Court: Have you identified any witnesses to this alleged event?

The Defendant: On my behalf?

The Court: Yeah, beside from you obviously. Have you identified anyone who might serve as a witness in this case?

The Defendant: No. I haven't had nobody been here (inaudible).

The Court: In this situation, Mr. Pinkney, there isn't a whole lot to prepare for the case, beside from being familiar with the police reports, for Mr. Thornton to be ready to cross examine the officers and then to talk with you; and I don't want you to say anything about the incident. But, to talk with you about your version of the events and whether there's a possibility that you're going to testify in the case. But, there's not a whole lot to prepare in the case other than that.

You've written me a letter that says, you think that Mr. Thornton is working with the State, but I don't understand what the basis for that would be. I see Mr. Thornton frequently. He tries cases before me. He does so very ably. I don't understand what the issue is with Mr. Thornton.

The Defendant: He got a motion—he filed for motion of discovery. He thinks it's going to take—he gets the State burden and wants the discovery. He never gave no pre-trial investigation of the crime scene, no. (Inaudible.)

The Court: There is no—if there are no other witnesses, there's nothing to investigate.

The Defendant: It's a (inaudible) somebody was here. He never went to see—to talk to the person who was there that I took a hit of (inaudible).

The Court: All right. I'm not satisfied that there's any basis for you to discharge Mr. Thornton as your Counsel. He's assigned by the Public Defender's Office and that's the—a very capable attorney that you got to represent you in this case. Counsel, is this case ready for trial?

The jury trial proceeded with Mr. Thornton representing Petitioner. The State entered a nol pros for the charge of resisting arrest. Following the conclusion of the State's case-in-chief, Petitioner made a Motion for Judgment of Acquittal, which the trial judge granted with regard to the disorderly conduct charge. After deliberations, the jury convicted Petitioner of second degree assault, the sole charge before it for consideration, and the judge sentenced Petitioner to eighteen months imprisonment.

Petitioner noted an appeal to the Court of Special Appeals, contending that the trial judge had violated Maryland Rule 4–215(e) by failing to inform him of his right to conduct his trial *pro se* after denying his request to discharge trial counsel. *Pinkney,* 200 Md.App. at 570, 28 A.3d at 122. The Court of Special Appeals noted that Petitioner did not dispute that he had been given an opportunity by the trial judge to explain his reasons for requesting discharge of his trial counsel. *Id.* Using canons of statutory construction, the intermediate appellate court concluded that "where the trial court finds no meritorious reason for the defendant's request [to discharge counsel] and does not permit discharge of counsel, under a plain reading of Md. Rule 4–215(e), there is no requirement that the trial court advise the defendant of the right to proceed *pro se.*" *Pinkney,* 200 Md.App. at 572, 28 A.3d at 123–24. In discussing the dichotomy between the mutually exclusive rights of assistance of counsel and self-representation, the Court of Special Appeals stated that when a defendant desires to represent himself, he must assert that right. *Pinkney,* 200 Md.App. at 574–75, 28 A.3d at 125. The intermediate appellate court determined, on the basis of the record, that Petitioner "did not seek to proceed *pro se* or raise the issue of self-representation in any manner." *Pinkney,* 200 Md.App. at 576, 28 A.3d at 126. Thus, the intermediate appellate court concluded that the trial judge had not erred in denying Petitioner's request to discharge counsel and declining to inform him of the right to proceed *pro se. Id.*

## DISCUSSION

Maryland Rule 4–215(e),[3] governing discharge of trial counsel and waiver of the right to counsel, provides:

If a defendant requests permission to discharge an attorney whose appearance has been entered, the court shall permit the defendant to explain the reasons for the request. If the court finds that there is a meritorious reason for the defendant's request, the court shall permit the discharge of counsel; continue the action if necessary; and advise the defendant that if new counsel does not enter an appearance by the next scheduled trial date, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds no meritorious reason for the defendant's request, the court may not permit the discharge of counsel without first informing the defendant that the trial will proceed as scheduled with the defendant unrepresented by counsel if the defendant discharges counsel and does not have new counsel. If the court permits the defendant to discharge counsel, it shall comply with subsections (a)(1)-(4) of this Rule if the docket or file does not reflect prior compliance.

Maryland Rule 4–215(a), referenced in subsection (e) of the Rule, provides, in relevant part:

At the defendant's first appearance in court without counsel, or when the defendant appears in the District Court without counsel, demands a jury trial, and the record does not disclose prior compliance with this section by a judge, the court shall:

(1) Make certain that the defendant has received a copy of the charging document containing notice as to the right to counsel.

---

3. With regard to the history of Md. Rule 4–215, we explained in *State v. Brown*, 342 Md. 404, 676 A.2d 513 (1996), that "Rule 719 was amended and renumbered as Rule 723; Rule 723 was subsequently redesignated as Rule 3–305, and later as Rule 4–215." *Brown*, 342 Md. at 427, 676 A.2d at 524 (citing *Leonard v. State*, 302 Md. 111, 122 n. 2, 486 A.2d 163, 168 n. 2 (1985)).

(2) Inform the defendant of the right to counsel and of the importance of assistance of counsel.

(3) Advise the defendant of the nature of the charges in the charging document, and the allowable penalties, including mandatory penalties, if any.

(4) Conduct a waiver inquiry pursuant to section (b) [4] of this Rule if the defendant indicates a desire to waive counsel.

■ This Court has stated that the Maryland Rules are precise rubrics. *Parren v. State,* 309 Md. 260, 280, 523 A.2d 597, 606 (1987) (declaring that "our rules are not guides to the practice of law but precise rubrics established to promote the orderly and efficient administration of justice and ... [they] are to be read and followed" (internal quotations omitted)); *State v. Bryan,* 284 Md. 152, 155, 395 A.2d 475, 477 (1978). With regard to Md. Rule 4–215 specifically, we have held consistently that the requirements of the Rule are mandatory. *Moten v. State,* 339 Md. 407, 411, 663 A.2d 593, 596 (1995); *Moore v. State,* 331 Md. 179, 185, 626 A.2d 968, 971 (1993); *Williams v. State,* 321 Md. 266, 271, 582 A.2d 803, 805 (1990). Additionally, we have determined that the mandates of Rule 4–215 require strict compliance. *Broadwater v. State,* 401 Md. 175, 182, 931 A.2d 1098, 1102 (2007); *Johnson v. State,* 355 Md. 420, 446, 735 A.2d 1003, 1017 (1999); *Moten,* 339 Md. at

---

4. Maryland Rule 4–215(b) provides:

If a defendant who is not represented by counsel indicates a desire to waive counsel, the court may not accept the waiver until after an examination of the defendant on the record conducted by the court, the State's Attorney, or both, the court determines and announces on the record that the defendant is knowingly and voluntarily waiving the right to counsel. If the file or docket does not reflect compliance with section (a) of this Rule, the court shall comply with that section as part of the waiver inquiry. The court shall ensure that compliance with this section is noted in the file or on the docket. At any subsequent appearance of the defendant before the court, the docket or file notation of compliance shall be prima facie proof of the defendant's express waiver of counsel. After there has been an express waiver, no postponement of a scheduled trial or hearing date will be granted to obtain counsel unless the court finds it is in the interest of justice to do so.

411, 663 A.2d at 596. Thus, a trial court's departure from the requirements of Rule 4–215 constitutes reversible error. *State v. Hardy,* 415 Md. 612, 621, 4 A.3d 908, 913 (2010); *Broadwater,* 401 Md. at 182, 931 A.2d at 1102; *Williams,* 321 Md. at 272, 582 A.2d at 806.

Our interpretation of the Maryland Rules is a question of law; as such, we review a trial court's determinations on matters of interpretation without deference. *State v. Daughtry,* 419 Md. 35, 46, 18 A.3d 60, 66–67 (2011); *see Owens v. State,* 399 Md. 388, 402–03, 924 A.2d 1072, 1080 (2007); *Davis v. Slater,* 383 Md. 599, 604, 861 A.2d 78, 80–81 (2004). We explained in *Knox v. State,* 404 Md. 76, 85–86, 945 A.2d 638, 644 (2008), our interpretation of the Maryland Rules:

> When we interpret the Rules of Procedure, we use the same canons and principles we use to construe statutes. *State v. Williams,* 392 Md. 194, 206, 896 A.2d 973, 980 (2006); *Brown v. Gress,* 378 Md. 667, 676, 838 A.2d 362, 367 (2003). In *Brown,* Chief Judge Bell, writing for the Court, summarized the principles we apply as follows:
>
> > In our effort to discern the meaning of a rule, we look first to the words of the rule. When the words are clear and unambiguous, ordinarily we need not go any further. Only when the language of the rule is ambiguous is it necessary that we look elsewhere to ascertain legislative intent. We are also to give effect to the entire rule, neither adding, nor deleting, words in order to give it a meaning not otherwise evident by the words actually used. Finally, we seek to give the rule a reasonable interpretation, not one that is illogical or incompatible with common sense.
>
> [*Brown,* 378 Md. at 676, 838 A.2d at 367 (internal citations omitted).]

Petitioner contends that when the trial judge determined that he had not presented meritorious reasons for requesting to discharge counsel and subsequently denied the request, the judge violated Md. Rule 4–215(e) in failing to inform Petitioner of his independent right to discharge counsel and proceed to

trial *pro se.* Petitioner claims that he had a constitutional right to self-representation. Accordingly, in Petitioner's view, Rule 4–215(e) required the trial judge to offer him the option of discharging counsel and representing himself after giving him the mandatory advisements under Rule 4–215(a). Asserting that defendants have an absolute right to discharge trial counsel, with or without cause, Petitioner contends that "[f]ailing to inform the defendant of that right when he has expressed dissatisfaction with his attorney and has not prevailed on his [Rule 4–215(e) ] motion would impermissibly burden the exercise of that right." Expressing disagreement with the interpretation of Rule 4–215(e) applied by the intermediate appellate court, Petitioner maintains that although the Rule does not explicitly address providing a defendant with the option to invoke the right of self-representation, the Rule should be extended to cover matters that are included by "necessary implication."

The State maintains that the issue in this case is limited to the scope of the trial court's notice obligations under Rule 4–215(e). The State contends that Rule 4–215(e) is a precise rubric and that the plain language of the Rule does not contain a requirement that the trial judge advise a defendant of the right to proceed *pro se* every time the defendant expresses dissatisfaction with trial counsel. In addition, according to the State, such an advisement would be inconsistent with the general preference for representation by counsel. The State asserts that the trial court's obligation to inform a defendant of the consequences of proceeding without the benefit of counsel is limited to situations where counsel is actually discharged. Moreover, the State claims that invoking the right to self-representation requires a clear and unequivocal statement by a defendant expressing such a desire.

■ We agree with the State that the trial and intermediate appellate courts' interpretation of Rule 4–215(e) was correct. The plain and unambiguous language of the Rule does not require the trial judge to inform a defendant of the option to proceed *pro se* when the judge determines that the defen-

dant's reasons for requesting discharge of counsel are not meritorious, the judge subsequently denies the defendant's request, and the defendant has not made a statement sufficient to indicate to the trial court a desire to invoke the right to self-representation. In accordance with Rule 4–215(e), the trial judge in the instant case inquired, on the record, about Petitioner's reasons for requesting discharge of his trial counsel. After considering those reasons, the trial judge determined that they were not meritorious and decided to proceed to trial without allowing Petitioner to discharge his counsel. In order to trigger an inquiry by the trial court regarding whether the defendant desires to waive his right to counsel and proceed *pro se*, the defendant must make a statement that reasonably indicates that he desires to invoke the right to self-representation. Petitioner in this case made no statement that the trial judge could have reasonably construed as indicating a desire to proceed *pro se*. At most, in his pre-trial motion to discharge counsel, Petitioner asked the trial court to find him new, or substitute, counsel. Therefore, the trial judge did not err in denying Petitioner's motion to discharge his trial counsel and declining to offer Petitioner the option of proceeding to trial *pro se*.

With regard to the right to self-representation, we stated in *Parren v. State*, 309 Md. 260, 262–63, 523 A.2d 597, 598 (1987):

> The Sixth Amendment to the United States Constitution and Article 21 of the Maryland Declaration of Rights guarantee a right to counsel, including appointed counsel for an indigent, in a criminal case involving incarceration. The constitutional guarantees encompass not only the right of a defendant to the effective assistance of a duly licensed attorney at law but also the right of a defendant to appear *in propria persona*. The right of self-representation is independent of the right to the assistance of counsel. The rights are mutually exclusive and the defendant cannot assert both simultaneously. The right to counsel has been zealously protected by the Supreme Court as a fundamental constitutional right. It is basic to our adversary system of criminal justice. Although it may be knowingly and volun-

tarily waived, the courts indulge every reasonable presumption against its waiver; acquiescence in the loss of such a right is never presumed. Nevertheless, the right to self-representation has been long respected and is supported by centuries of consistent history. The right to appear *pro se* exists to affirm the dignity and autonomy of the accused and to allow the presentation of what may, at least occasionally, be the accused's best possible defense. (Footnote omitted.) (Internal quotations and citations omitted.)

The United States Supreme Court, in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), discussed in detail the right to self-representation. In *Faretta,* the Supreme Court addressed the issue of "whether a defendant in a state criminal trial has a constitutional right to proceed *without* counsel when he voluntarily and intelligently elects to do so." *Faretta,* 422 U.S. at 807, 95 S.Ct. at 2527, 45 L.Ed.2d at 566. The Supreme Court recognized that each State, with a few exceptions, provides a defendant with the right to represent himself in a criminal case. *Faretta,* 422 U.S. at 813, 95 S.Ct. at 2530, 45 L.Ed.2d at 569. In addition, although not stated specifically in the Sixth Amendment to the Federal Constitution, "the right to self-representation—to make one's own defense personally—is ... necessarily implied by the structure of the Amendment." *Faretta,* 422 U.S. at 819, 95 S.Ct. at 2533, 45 L.Ed.2d at 572. While citing the importance of the right to the assistance of counsel, the Supreme Court stressed the equally important right involved in disallowing a State to compel a defendant to accept a lawyer he does not want. *Faretta,* 422 U.S. at 833, 95 S.Ct. at 2540, 45 L.Ed.2d at 580. The Supreme Court noted that "[t]he defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage." *Faretta,* 422 U.S. at 834, 95 S.Ct. at 2541, 45 L.Ed.2d at 581. Because a defendant, in managing his own defense, relinquishes many rights associated with representation by counsel, a waiver of those benefits must be done knowingly and intelligently. *Faretta,* 422 U.S.

at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581–82. A court should be careful to make a defendant aware of the "dangers and disadvantages of self-representation" so that the choice to engage in *pro se* representation can be "made with eyes open." *Id.* (quotation omitted). The Supreme Court held that the trial judge in *Faretta* had erred in forcing the defendant to accept representation he did not want, in a situation where the defendant "clearly and unequivocally declared to the trial judge that he wanted to represent himself[,]" the trial judge informed the defendant of the disadvantages of proceeding *pro se,* and the defendant knowingly and intelligently waived his right to counsel. *Faretta,* 422 U.S. at 835–36, 95 S.Ct. at 2541, 45 L.Ed.2d at 582.

This Court has used the principles announced by the Supreme Court in *Faretta* to guide our interpretation and application of a criminal defendant's right to self-representation. *See Johnson v. State,* 355 Md. 420, 443, 735 A.2d 1003, 1016 (1999) (declaring that "[a]s the Supreme Court recognized in *Faretta, supra,* in addition to the right to counsel, an accused also has a constitutional right under the Sixth Amendment to waive counsel and proceed to trial *pro se* "); *Williams v. State,* 321 Md. 266, 270, 582 A.2d 803, 805 (1990) (recognizing that "[t]he right to reject [the assistance of counsel] and defend one's self was enunciated in *Faretta* "); *Snead v. State,* 286 Md. 122, 123–24, 406 A.2d 98, 99 (1979) (holding that "[i]t is now clear that an accused in a criminal prosecution has two independent constitutional rights with regard to the management of his defense. He has both the right to have the assistance of counsel and the right to defend *pro se* .... The second was announced in *Faretta* ").

■ Maryland Rule 4–215 was drafted and implemented to protect both the right to the assistance of counsel and the right to self-representation. *State v. Brown,* 342 Md. 404, 412, 676 A.2d 513, 517 (1996). The Rule "explicates the method by which the right to counsel may be waived by those defendants wishing to represent themselves, the modalities by which a trial judge may find that a criminal defendant waived implicit-

ly his or her right to counsel, either by failure or refusal to obtain counsel, and the necessary litany of advisements that must be given to all criminal defendants before any finding of express or implied waiver of the right to be represented by counsel may be valid." *Broadwater v. State*, 401 Md. 175, 180, 931 A.2d 1098, 1100 (2007). The purpose of the Rule is to "protect the fundamental rights involved, to secure simplicity in procedure, and to promote fairness in administration[.]" *Parren*, 309 Md. at 280, 523 A.2d at 607; *see Johnson*, 355 Md. at 426, 735 A.2d at 1006 (concluding that "Maryland Rule 4–215 exists as a safeguard to the constitutional right to counsel, providing a precise 'checklist' that a judge must complete before a defendant's waiver can be considered valid"); *Moten v. State*, 339 Md. 407, 411, 663 A.2d 593, 596 (1995).

In applying the guidelines set out in Rule 4–215(e) specifically, we stated in *Gonzales v. State*, 408 Md. 515, 970 A.2d 908 (2009), that "[s]ubsection (e) of the Rule sets forth the steps that must be taken when a defendant wishes to waive his or her right to counsel by discharging an attorney who has entered an appearance on the defendant's behalf." *Gonzales*, 408 Md. at 530, 970 A.2d at 917 (citing *Knox*, 404 Md. at 87, 945 A.2d at 645). Our case law indicates that the process outlined in Rule 4–215(e) begins with a trial judge inquiring about the reasons underlying a defendant's request to discharge the services of his trial counsel and providing the defendant an opportunity to explain those reasons. *Gonzales*, 408 Md. at 531, 970 A.2d at 917; *Brown*, 342 Md. at 425, 676 A.2d at 523–24; *Moore*, 331 Md. at 185, 626 A.2d at 971; *Williams*, 321 Md. at 273, 582 A.2d at 806. The trial judge must then consider whether the reasons given by the defendant are meritorious. *Gonzales*, 408 Md. at 531, 970 A.2d at 917; *Brown*, 342 Md. at 425, 676 A.2d at 524; *Moore*, 331 Md. at 185, 626 A.2d at 971. Importantly, we have recognized that the record must "be sufficient to reflect that the court actually considered th[e] reasons" given by the defendant. *Moore*, 331 Md. at 186, 626 A.2d at 971; *Johnson*, 355 Md. at 446, 735 A.2d at 1017 (asserting that "[t]he trial judge must give much

more than a cursory consideration of the defendant's explanation" (citation omitted)).

If the trial judge determines that the defendant's reasons are meritorious, he must grant the defendant's request to discharge counsel. *Brown,* 342 Md. at 425, 676 A.2d at 524; *Williams,* 321 Md. at 273, 582 A.2d at 806. If, on the other hand, the trial judge determines that the defendant's reasons are not meritorious, the judge may proceed in one of the following ways: "(1) deny the request and, if the defendant rejects the right to represent himself and instead elects to keep the attorney he has, continue the proceedings; (2) permit the discharge in accordance with the Rule, but require counsel to remain available on a standby basis; (3) grant the request in accordance with the Rule and relieve counsel of any further obligation." *Williams,* 321 Md. at 273, 582 A.2d at 806 (citing *Fowlkes v. State,* 311 Md. 586, 604–05, 536 A.2d 1149, 1158–59 (1988)). The options we enumerated in *Williams* are not the only choices available to a trial judge when confronted with a defendant's unmeritorious request to discharge counsel. As we recognized in that case, the trial judge also has the option, after concluding that the reasons set forth by the defendant are not meritorious, to deny the request and go forth to trial. *Williams,* 321 Md. at 274, 582 A.2d at 807; *Brown,* 342 Md. at 425, 676 A.2d at 524 (concluding that "[t]he court may . . . reject the defendant's request to dismiss counsel if the reason is not meritorious").

The plain and unambiguous language of the Rule does not obligate a trial judge to present a defendant with the option of proceeding *pro se* when the defendant's request to discharge his trial counsel is not meritorious and has been denied. As the State notes correctly, under the Rule, the trial judge's obligation to give a defendant the advisements regarding waiver of counsel and the right to self-representation, enumerated in subsection (a) of the Rule, is triggered only when the judge allows the defendant to discharge his counsel. In *Brown,* we discussed a "third-level inquiry" that the trial court must engage in with the defendant when the reasons given for

discharge of counsel are not meritorious. *Brown,* 342 Md. at 425, 676 A.2d at 524. This inquiry is appropriate and mandated, however, only when the trial judge decides to permit the defendant to discharge counsel. *See Brown,* 342 Md. at 425–26, 676 A.2d at 524. Thus, when the trial judge does not permit a defendant to discharge counsel, as in the case *sub judice,* the judge is not required to advise the defendant of the option of invoking the right to self-representation. With regard to Petitioner's reliance on the concept of "necessary implication," we have found no cases, and Petitioner has not provided us with any, to support the contention that the provisions of Rule 4–215(e) should be extended, by necessary implication, to include the requirement that a trial judge inform a defendant of the right to proceed *pro se* when he merely indicates a desire to discharge trial counsel and have substitute counsel appointed, as here. Furthermore, we have previously held that Rule 4–215 "ensures that decisions to discharge counsel comport with constitutional requirements." *Brown,* 342 Md. at 424, 676 A.2d at 523 (citing *Fowlkes,* 311 Md. at 606, 536 A.2d at 1159–60). Therefore, the Rule accounts for the right to self-representation, and we decline to extend the plain language of the Rule to require a trial judge to present a defendant with the option to proceed *pro se* when the judge denies the defendant's unmeritorious request to dismiss counsel.[5]

Moreover, this Court has held consistently that when a defendant desires to invoke his right to self-representation, he must clearly and unequivocally assert that right. *Parren,* 309 Md. at 266, 523 A.2d at 599–600 (holding that "when an accused desires to represent himself he must assert that right, and its grant is conditioned upon a valid waiver of the right to assistance of counsel" (citation omitted)); *Leonard v. State,* 302 Md. 111, 124, 486 A.2d 163, 169 (1985) (determining that

---

5. We note that, for purposes of deciding the issues presented in the instant case, we limit our discussion and analysis to interpreting the responsibilities imposed upon trial judges under Md. Rule 4–215(e). We need not, and do not, discuss any constitutional claims. No constitutional claims were sufficiently raised.

there must be a "minimum declaration sufficient to constitute assertion of the right to self-representation ... to alert the trial judge that further inquiry may be necessary" (internal quotation omitted)); *Colvin v. State*, 299 Md. 88, 100, 472 A.2d 953, 959 (1984) (concluding that an inquiry into whether a defendant desires to represent himself "is only triggered if the defendant indicates a desire to defend *pro se* "); *Snead v. State*, 286 Md. 122, 127, 406 A.2d 98, 101 (1979) (holding that in order to invoke the right to self-representation, a defendant must make a statement "from which the court could reasonably conclude that the defendant desired self-representation"). Petitioner even concedes in his Brief, filed in this Court, that "[i]t is ... true that most of the jurisdictions which have addressed the question have held that there is no need to advise a defendant whose request for appointment of new counsel is denied that he has the option of self-representation." In *Snead,* 286 Md. at 127–28, 406 A.2d at 101, we explained in detail the process for a trial judge's analysis of a defendant's assertion of the right to self-representation:

[A]ny statement by the defendant from which the court could reasonably conclude that the defendant desired self-representation would be sufficient.

When the defendant so indicates a desire to defend *pro se,* the court must, by appropriate inquiry, determine whether he truly wants to do so. This inquiry has two phases. First, the court should ascertain whether the defendant "clearly and unequivocally" wants to defend himself. If a defendant makes known to the court, admitting of no doubt or misunderstanding, that he desires to represent himself, the right to do so has been properly asserted.

Once the defendant has clearly and unequivocally declared his desire to proceed *pro se,* the second phase of the inquiry is triggered. Certain factors guide this phase. The right to defend is personal.... And although [a defendant] may conduct his own defense ultimately to his own detriment, his choice must be honored out of that respect for the individual which is the lifeblood of the law. (Internal quotations omitted.)

The facts and analysis in *Colvin* are instructive in our examination of the issue presented in the instant case. In the *Colvin* case, Mr. Colvin made a motion to dismiss the public defender as his attorney, and he sought to have an attorney of his choice appointed at the expense of the State. *Colvin*, 299 Md. at 99, 472 A.2d at 958. The motion was denied, but Colvin raised it again at trial. *Id.* During the hearing on the motion, Mr. Colvin requested that the trial court allow him to defend himself "to a degree." *Id.* The court again denied the motion. *Id.* On review in this Court, Mr. Colvin claimed that the trial judge erred in failing to inquire as to whether he had made an unequivocal waiver of the right to counsel. *Id.* We relied on *Snead* for the principle that a trial judge's inquiry into whether a defendant has clearly and unequivocally asserted a desire to defend himself is only triggered if the defendant makes a statement that would reasonably indicate to the court that the defendant harbored such a desire. *Colvin*, 299 Md. at 100, 472 A.2d at 959. We determined that the trial judge made a proper inquiry into Mr. Colvin's request to dismiss his trial counsel, and having found no meritorious reason for the request, the trial judge's denial of the motion was appropriate. *Id.* We distinguished the facts of *Colvin* from the facts in *Snead*, wherein we held that the defendant's statement prior to trial, "I don't want no attorney then," was sufficient to require the trial judge to inquire into whether the defendant wanted to represent himself. *Colvin*, 299 Md. at 99, 472 A.2d at 958 (citing *Snead*, 286 Md. at 126, 406 A.2d at 100). We posited that "if [Mr. Colvin] had asked to be allowed to defend himself and nothing more, the first phase of the *Snead* inquiry would have been triggered; but that was not the case." *Colvin*, 299 Md. at 101, 472 A.2d at 959.

In *Fowlkes v. State*, 311 Md. 586, 536 A.2d 1149 (1988), we addressed, to a certain degree, the specific issue presented here, albeit it in a footnote. In that case, we opined, "Under some circumstances when the defendant makes an unmeritorious request to discharge counsel, it may be appropriate and feasible not to permit the discharge of counsel." *Fowlkes*, 311 Md. at 604, 536 A.2d at 1158. We further stated, "In this

situation, where the trial court refuses to permit the discharge of counsel, and when the defendant has said nothing indicating a desire for self-representation, courts have consistently held that the defendant cannot later successfully contend that he was denied his *Faretta* right of self-representation, as he never exercised that right." *Fowlkes,* 311 Md. at 604 n. 7, 536 A.2d at 1158 n. 7 (citations omitted).

Not unlike the circumstances in *Colvin,* in the case *sub judice,* Petitioner made no statement that could have indicated reasonably to the trial court that he desired to invoke the right to self-representation. Petitioner's only comments to the trial judge were directed toward obtaining substitute counsel. If he had a desire to represent himself at trial, he did not, from our reading of the record, make a statement to communicate sufficiently that desire to the trial judge. Thus, the trial judge had no basis upon which to engage in a determination of whether Petitioner clearly and unequivocally desired to invoke his right to self-representation. As we alluded to in *Fowlkes,* in a situation, like the one presented in the instant case, where the trial judge refuses to permit the defendant to discharge counsel and the defendant has not sufficiently indicated a desire to represent himself, the trial judge may decline to inform the defendant of the right to proceed *pro se.*

■ On the basis of the record before us, we affirm the determination of the Court of Special Appeals that the plain and unambiguous language of Rule 4–215(e) does not require the trial judge to present a defendant with the option to proceed to trial *pro se* in a situation where the judge denies the defendant's unmeritorious request to discharge trial counsel and the defendant does not make any statements that could reasonably be construed as indicating a desire to invoke the right to self-representation. In the instant case, it is apparent from the record that Petitioner did not make any statements during his discussion with the trial judge that would reasonably indicate that he desired to represent himself at trial. It is also apparent from the record that the trial

judge gave Petitioner an opportunity to explain his reasons for requesting discharge of his trial counsel. Furthermore, there is no contention, in this Court, with regard to the trial judge's determination that Petitioner's reasons for requesting the discharge were not meritorious. Thus, in accordance with our case law construing Rule 4–215(e), the trial judge did not commit error when he denied Petitioner's unmeritorious request to discharge his trial counsel and required Petitioner to proceed to trial without informing him of the right to represent himself.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS IS AFFIRMED. PETITIONER TO PAY THE COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS.**